GLENN C. YEARKE, Appellant, v CARL A. ZARCONE et al., Respondents.

GLENN C. YEARKE, Appellant, v RAYMOND BOROWIAK, Respondent, et al., Defendant.

GLENN C. YEARKE, Appellant, v EDWARD GOLBY, Respondent, et al., Defendant.

Fourth Department, May 27, 1977

*Paul William Beltz, P. C. (Robert Nichols* of counsel), for appellant.

*Rosen, Yasinow, Roberts, Rich & Carrel (George Rich* of counsel), for Carl A. Zarcone and another, respondents.

*Watson, McGarvey, Hetzelt & Bennett (Joseph Watson* of counsel), for Raymond Borowiak, respondent.

*Siegel & Hurwitz (Louis Siegel* of counsel), for Edward Golby, respondent.

SIMONS, J. Plaintiff was injured when he fell while descending a short redwood ladder from the deck of defendants Zarcones' backyard swimming pool. The pool was under construction at the time and the ladder was in place but unattached to the pool. The jury found in defendants' favor and in response to a special interrogatory by the court specifically found defendants free of negligence. It may be inferred that the jury also found the plaintiff free of fault because the court instructed the jury not to answer the interrogatory with respect to defendants until it had first found plaintiff free of contributory negligence.

The principal issue on this appeal is whether the trial court erred in refusing to charge the provisions of section 240 of the Labor Law and whether under the unusual facts of this case that section imposed absolute liability for plaintiff's injuries upon defendants, regardless of the exercise of reasonable care on their part. Section 240 is entitled "Scaffolding and other devices for use of employees" and it provides in pertinent part that "[a]ll * * * owners and their agents, in the erection * * * of a building or structure shall furnish or erect * * * for the performance of such labor * * * ladders * * * and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed". In view of the jury's finding, unless absolute liability may be imposed under section 240, the judgment should be affirmed, for we find no other alleged error warranting reversal.

Plaintiff was employed by Fanta Sea Swim Center as a laborer, engaged in installing and repairing swimming pools. During August, 1969 he was painting a swimming pool in the backyard of the residence adjacent to the home of defendants, Carl and Marilyn Zarcone. Shortly before the accident the Zarcones had purchased an above-ground swimming pool from Fanta Sea and had elected to install it themselves in their

backyard. Two friends, defendants Golby and Borowiak, volunteered to help them with the installation. There was conflicting testimony that Mr. Zarcone had offered to pay them $50 or that the only consideration for the service was a free party when the pool was completed.

Plaintiff testified that on August 5, 1969 either Golby or Borowiak called to him while he was painting the pool in the neighboring yard and asked that he come to the Zarcone premises and advise them on whether they had installed the pool liner properly. Defendants' evidence was that plaintiff came without invitation; but in any event it was conceded that he came into Zarcones' yard without objection and examined the job and that he had done so on other occasions. Plaintiff climbed the ladder to the deck of the pool and inspected the work. After doing so he started down the ladder and "the stairs immediately just slid right out from under" him throwing him to the ground and causing him serious injury. The ladder was not attached to the side of the pool at the time, although the pool plans called for affixing it, but others had used it that day without incident.

At the conclusion of the case the court charged section 200 of the Labor Law, which provides that construction areas should be so arranged to protect the "safety of all persons employed therein or lawfully frequenting such places". This section states a statutory duty of care which is but a codification of the common-law duty to provide a safe place to work and an action brought under it is an action for negligence (Employers Mut. Liab. Ins. Co. of Wis. v Di Cesare & Monaco Concrete Constr. Corp., 9 AD2d 379). It does not create a basis for recovery in the absence of fault.

However, section 240 of the Labor Law, as distinguished from section 200, may impose absolute liability upon contractors, owners and their agents who supply defective equipment to those employed in erecting structures, regardless of fault, and it may apply to householders under appropriate circumstances (Rivers v Sauter, 26 NY2d 260). The courts impose an absolute liability for a violation of the statute in favor of persons within the class the statute seeks to protect, because the statute creates a "flat and unvarying duty" on the part of the owner to protect those persons within the class from a definable hazard which they themselves are incapable of avoiding. Liability under the section is not dependent upon proof of the owner's negligence or want of care, and members

of the protected class are not barred from recovery because of their own contributory negligence *(Koenig v Patrick Constr. Co.,* 298 NY 313, 317; see, also, *Schmidt v Merchants Desp. Transp. Co.,* 270 NY 287, 304-307). Absolute liability is imposed to protect the employee from unavoidable hazards of his work which he has no choice in avoiding if he is to earn a livelihood (see *Koenig v Patrick Constr. Co., supra,* pp 318-319; and see *Major v Waverly & Ogden,* 7 NY2d 332, 335). Former Chief Judge FULD expressed the point in the *Koenig* case *(supra,* pp 318-319): "Workmen such as the present plaintiff, who ply their livelihoods on ladders and scaffolds, are scarcely in a position to protect themselves from accident. They usually have no choice but to work with the equipment at hand, though danger looms large. The legislature recognized this and, to guard against the known hazards of the occupation, required the employer to safeguard the workers from injury caused by faulty or inadequate equipment".

Recognizing that section 240 may result in absolute liability, the issue is whether this plaintiff is within the class of persons for whose benefit the statute was enacted.

The statute applies to those "employed" in erecting structures. Subdivision 7 of section 2 of the Labor Law defines employed as "permitted or suffered to work", a definition which may be broad enough to encompass one who comes upon the owner's premises to give advice in connection with construction. But the section heading (which is to be considered when interpreting a statute's meaning [see *Broderick v Weinsier,* 253 App Div 213, 219, affd 278 NY 419; *People v Molyneux,* 40 NY 113, 118; cf. *People v Long Is. RR Co.,* 194 NY 130, 137-138]), states that the section applies to "employees", and plaintiff was not an employee within the definition of subdivision 5 of the section 2 of the Labor Law, i.e., "a mechanic, workingman or laborer working for another for hire". Unless plaintiff is both "employed" and an "employee" within the terms of the statute (albeit his status may be that of an independent contractor *[Rivers v Sauter, supra,* p 263]), he is not within the class that the Legislature sought to protect.

Plaintiff was a volunteer, even if his testimony that he was requested to come to the Zarcone property to render assistance is accepted as true. He was not assigned to work there by his employer, he did not perform any physical activity there, and neither he nor his employer received or expected to

receive remuneration from Zarcones for his advice. Neither was he under the direction or control of the defendants. He was free to advise them or not as he chose and his activity on the Zarcone property was unconnected with the necessary risks of earning his living as an employee of Fanta Sea (see *Koenig v Patrick Constr. Co., supra).* The Legislature's purpose in enacting the statute was to protect workingmen engaged in their jobs, not to impose absolute liability and all of the requirements of sections 240 and 241 of the Labor Law and the rules and regulations promulgated thereunder upon a homeowner who requests the casual assistance of a friend, neighbor or relative in a repair or construction job around his home. The trial court correctly refused to charge absolute liability in this case (cf. *Whelen v Warwick Val. Civic and Social Club,* 89 Misc 2d 577).

That is not to say that section 240 could not have been charged by the court. Indeed, it could apply in plaintiff's case if the injury found that he was "so employed" within the meaning of the Labor Law. But if section 240 applies, it does not impose absolute liability on defendants. It does no more than create a statutory standard of care upon which a finding of negligence might be predicated. This distinction was also explained by former Chief Judge FULD:

"A different case would be before us if the injured person were a passerby or a workman struck by a falling ladder; as to them—persons outside the class for whose special benefit the statute was designed—a violation might do no more than evidence negligence" *(Koenig v Patrick Constr. Co., supra,* p 319; and see 1 NY PJI2d 150-153).

The point is not significant on this appeal, however, and it is not cause for reversal, for under the facts of this case section 240 imposes no greater duty of care on defendants than do section 200 or traditional common-law principles and the jury has applied those standards and found defendants free of negligence.

Plaintiff also alleges that the court erred in refusing to permit the jury to grant recovery on the theory of strict products liability. The complaint in this action was served in 1970 and alleged a cause of action sounding in negligence. The trial took place in 1976 when for the first time plaintiff urged that he was entitled to recover under strict product liability and requested the court to so charge the jury. The court did not abuse its discretion in refusing the charge at that late

date. Furthermore, while a manufacturer or a seller of a defective product may be liable under the theory of strict product liability (see *Codling v Paglia,* 32 NY2d 330, 342; *Rainbow v Elia Bldg. Co.,* 49 AD2d 250, 252; Restatement, Torts 2d, § 402A, Comment *f,* 1 NY PJI2d 341 *et seq.),* a homeowner or his helper engaged in erecting a swimming pool in the backyard is not so liable to a visitor to the property. The owner's home improvements do not result in marketing a product for public consumption.

The judgments should be affirmed.

MOULE, J. P., DILLON, GOLDMAN and WITMER, JJ., concur.

Judgments unanimously affirmed, without costs.