THEODORE ALVER, Appellant, v JOHN DUARTE et al., Respondents.

Third Department, May 7, 1981

APPEARANCES OF COUNSEL

*Appelbaum & Eisenberg (Joel R. Appelbaum* of counsel), for appellant.

*McCann, Rider, Drake, Weiner, Sommers & Loeb, P. C. (Joseph A. Catania, Jr.,* of counsel), for respondents.

OPINION OF THE COURT

YESAWICH, JR., J.

Plaintiff, a retired carpenter, was injured in 1977 when he fell from a porch roof while assisting in the construction of a house belonging to the defendants, his daughter and son-in-law. At the time of the incident he was working voluntarily and without pay. In an action to recover for the personal injuries he sustained he contends that since he was "lawfully frequenting" the construction site he was entitled to the protection afforded by subdivision 1 of section 200 and subdivision 6 of section 241 of the Labor Law, which he alleges were violated. Special Term concluded that the benefits of these sections were unavailable to him because of his volunteer status. This appeal followed.

At issue is whether volunteer workers are within the class of persons covered by subdivision 1 of section 200 and subdivision 6 of section 241 of the Labor Law. While cases in which the rights of volunteer workers have been weighed have primarily centered on the interpretation of section 240 of the Labor Law, they are instructive in determining the scope of sections 200 and 241.

In *Yearke v Zarcone* (57 AD2d 457, 461, mot for lv to app den 43 NY2d 643) it was noted: "The Legislature's purpose in enacting [section 240] was to protect workingmen engaged in their jobs, not to impose absolute liability and all of the requirements of sections 240 and 241 of the Labor Law and the rules and regulations promulgated thereunder upon a homeowner who requests the casual assistance of a friend, neighbor or relative in a repair or construction job around his home." A similar observation was made in *Whelen v Warwick Val. Civic & Social Club* (63 AD2d 646, affd 47 NY2d 970). We need but add that had the Legislature intended to expand the class of individuals to be covered by section 241, it would have done so expressly.

Neither do we believe that section 200 was designed to furnish a cause of action to volunteer workers. Significantly, that section's heading, a factor to be considered when interpreting the meaning of a statute (McKinney's Cons Laws of NY, Book 1, Statutes, § 123), is entitled "General duty to protect the health and safety of employees; enforcement". The statute defines an "[e]mployee" as "a mechanic, workingman or laborer working for another for hire" (Labor Law, § 2, subd 5). Viewed in that setting, the phrase "person lawfully frequenting" the construction site cannot be said to contemplate the extension of its coverage to volunteers.

The order should be affirmed, without costs.

SWEENEY, J. P., KANE, MAIN and MIKOLL, JJ., concur.

Order affirmed, without costs.