■ HENRY CHABOT, Respondent, v KENNETH J. BAER, Appellant. — Appeal from an order of the County Court of Warren County (Dier, J.), entered January 21, 1980, which denied defendant's motion for summary judgment dismissing the complaint and granted plaintiff's cross motion to amend his

complaint. Plaintiff, a contractor, fell from a collapsing porch roof at defendant's house and allegedly sustained injuries. He brought an action against defendant framed in common-law negligence to recover for the injuries sustained. Defendant moved for summary judgment and plaintiff cross-moved to strike certain defenses and to compel acceptance of an amended complaint which adds a cause of action based on a violation of the Labor Law. The court denied defendant's motion for summary judgment and granted plaintiff's motion to amend his complaint. This appeal ensued. There is no substantial dispute about the facts. Plaintiff learned that the roof of defendant's building needed repairing. Plaintiff went to defendant with another individual and stated "we will go over and look at it and give you an estimate". Defendant agreed. Thereafter, plaintiff and his companion went to the site and because the ladder they brought was too short to reach the main roof they put the ladder up against a gable porch roof. Plaintiff climbed up onto the porch roof and held the ladder while his companion also climbed up to the porch roof. When plaintiff's companion stepped on the gable roof it gave way and plaintiff was injured. An examination of the record compels us to conclude that plaintiff was not employed by defendant within the meaning of the Labor Law. It was not the intent or purpose of section 240 of that statute to protect such individuals *(Whelen v Warwick Val. Civic & Social Club,* 47 NY2d 970, 971; *Alver v Duarte,* 80 AD2d 182; *Yearke v Zarcone,* 57 AD2d 457, mot for lv to app den 43 NY2d 643). Special Term, therefore, improperly granted the cross motion to amend the complaint. Neither can we find liability under common-law negligence principles (see *Smith v Wisch,* 77 AD2d 619). There must be a reversal and summary judgment granted to defendant dismissing the complaint. Order reversed, on the law, without costs, and motion by defendant for summary judgment dismissing the complaint granted. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.