■ CHARLES HOWERTER et al., Appellants, v PATRICK DUGAN et al., Respondents. [649 NYS2d 32] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Orange County (DiBlasi, J.), which, upon granting the defendants' motion for judgment during trial as a matter of law, made at the close of the plaintiffs' case, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiffs brought this action after the plaintiff husband was injured when he fell from a ladder while cutting branches from a tree at the defendants' home. The evidence at trial consisted solely of the testimony of the injured plaintiff, Charles Howerter. He testified that he had offered to come to the defendants' home and cut down several trees if he could then have the firewood, and that he was on the ladder provided for him by the defendants when it "kicked out", and he fell straight down the tree. After the plaintiffs rested, the court granted the defendants' application for judgment during trial as a matter of law, and the plaintiffs appeal from the judgment entered thereon dismissing the complaint.

The court properly found that there was no competent evidence in the record to demonstrate a causal relationship between the accident and the alleged defect in the ladder provided to the injured plaintiff by the defendants (*see, Schwartz v Macrose Lbr. & Trim Co.,* 29 AD2d 781, *affd* 24 NY2d 856; *see also, Bradish v Tank Tech Corp.,* 216 AD2d 505; *Ellis v County of Albany,* 205 AD2d 1005). A jury verdict must be based on more than mere speculation or guesswork. Where there are several possible causes of an injury, for one of which the defendant is not responsible, and it is just as probable that the injury was the result of one cause as the other, the plaintiff cannot recover without proving the injury was sustained wholly or in part by a cause for which the defendant was responsible (*see, Bernstein v City of New York,* 69 NY2d 1020, 1021-1022). Accordingly, absent some competent evidence, such as expert testimony establishing causation, the slipping of the ladder, in and of itself, was insufficient to show that the defendants were negligent in furnishing an unsafe or inadequate ladder (*see, Dougherty v Milliken,* 163 NY 527, 532; *Sanna v Potter,* 179 AD2d 982, 983).

Moreover, the court properly found that the arrangement between Howerter and Dugan did not constitute a compensable hiring under Labor Law § 200. Although without Howerter's efforts the defendants would have had to pay someone to remove the trees, the Labor Law provisions relied on by the plaintiffs are inapplicable to persons such as friends and neighbors who voluntarily render casual assistance to a homeowner in performing a home repair or construction job (*see, Mordkofsky v V.C.V. Dev. Corp.,* 76 NY2d 573, 577; *Whelen v Warwick Val. Civic & Social Club,* 47 NY2d 970, 971; *Alver v Duarte,* 80 AD2d 182, 183; *Yearke v Zarcone,* 57 AD2d 457, 461). Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.