■ Thomas Schroeder, Respondent, v Centro Pariso Tropical et al., Defendants, Clark Equipment Company, Respondent, and Milea Truck Sales Corp., Defendant and Third-Party Plaintiff-Respondent-Appellant. Enertech Associates, Inc., Third-Party Defendant-Appellant-Respondent. (And Other Titles.) [649 NYS2d 820] —In an action to recover damages for personal injuries, the third-party defendant Enertech Associates, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated September 7, 1995, as granted the plaintiff's motion for partial summary judgment against the defendant third-party plaintiff Milea Truck Sales Corp., on the issue of liability under Labor Law § 240, denied its motion to compel further discovery from the defendant Clark Equipment Company, and granted that branch of the cross motion of the defendant third-party plaintiff Milea Truck Sales Corp. which was for summary judgment against it on the issue of indemnification, and the defendant third-party plaintiff separately appeals from so much of the same order as granted the plaintiff's motion for partial summary judgment against it on the issue of liability under Labor Law § 240.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof which granted the plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 and substituting therefor a provision denying the motion, and (2) by deleting the provision portion thereof which granted that part of the cross motion by the defendant third-party plaintiff Milea Truck Sales Corp. which was for summary judgment against the third-party defendant Enertech Associates, Inc., on the issue of indemnification, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff was not entitled to partial summary judgment on the issue of liability under Labor Law § 240, because there exists a question of fact as to whether he was a "volunteer" at the time of his accident, and therefore was not entitled to the protections of the statute (*see, Gibson v Worthington Div.*, 78 NY2d 1108; *Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970; *Chabot v Baer*, 82 AD2d 928, *affd* 55 NY2d 844). The defendant third-party plaintiff Milea Truck Sales Corp. was not entitled to summary judgment on the issue of indemnification from the third-party defendant Enertech Associates, Inc., because questions of fact exist as to whether Enertech was in any way responsible for the accident (*see, Kelly v Diesel Constr. Div.*, 35 NY2d 1; *Dawson v Pavarini Constr. Co.*, 228 AD2d 466; *Edholm v Smithtown DiCanio Org.*, 217 AD2d 569).

Furthermore, there is no merit to Enertech's argument that Clark Equipment Company was required to help Enertech defray the costs of its own discovery (*see, Rubin v Alamo Rent-A-Car*, 190 AD2d 661; *Rosado v Mercedes-Benz of N. Am.*, 103 AD2d 395).

The parties' remaining contentions are without merit. Rosenblatt, J. P., O'Brien, Sullivan and McGinity, JJ., concur.