■ WALTER THOMPSON et al., Respondents, v THOMAS MAROTTA, Appellant. [685 NYS2d 168] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Walter Thompson (plaintiff) sustained injuries when he fell from a ladder while painting a house owned by defendant, his landlord. Supreme Court properly granted plaintiffs' motion for partial summary

judgment on liability under Labor Law § 240 (1). We reject defendant's contention that plaintiff was not an employee entitled to protection under Labor Law § 240 (1). Plaintiff asked defendant if he could move into one of defendant's rental properties, explaining that the Department of Social Services would pay the rent within 60 to 90 days and that he could not provide a security deposit. Defendant allowed plaintiff and his family to move into the house on the condition that plaintiff paint the house. Plaintiff was fulfilling his obligation when he was injured. The Department of Social Services eventually paid defendant for plaintiffs' rent, retroactive to the date on which plaintiffs moved in. The court properly determined that plaintiff was not acting as a volunteer but instead was employed by defendant (*see, Mordkofsky v V.C.V. Dev. Corp.,* 76 NY2d 573, 576-577; *cf., Howerter v Dugan,* 232 AD2d 524, 525).

We reject defendant's contention that the doctrine of unclean hands applies to this case. Even if the failure of plaintiff to report compensation on his application for social services benefits was unconscionable, such conduct was not " 'directly related to the subject matter in litigation' " (*Lowe v Quinn,* 27 NY2d 397, 401; *see, Clifton Country Rd. Assocs. v Vinciguerra,* 195 AD2d 895, 896, *lv denied* 82 NY2d 664).

The court properly denied that part of defendant's cross motion for summary judgment dismissing the Labor Law § 200 claim and negligence cause of action. Defendant did not meet his initial burden of establishing the absence of a triable issue of fact.

The court erred, however, in denying that part of defendant's cross motion for summary judgment dismissing the Labor Law § 241 (6) claim. The violations of 12 NYCRR 23-1.5 alleged by plaintiffs do not support a Labor Law § 241 (6) claim because they are general provisions and do not mandate compliance with concrete specifications (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505; *Basile v ICF Kaiser Engrs. Corp.,* 227 AD2d 959; *McGrath v Lake Tree Vil. Assocs.,* 216 AD2d 877, 878). The additional violations of the Industrial Code, raised for the first time by plaintiffs on appeal, are not properly before us (*see, Phelan v State of New York,* 238 AD2d 882, 883, *lv denied* 90 NY2d 812).

We modify the order, therefore, by granting in part defendant's cross motion and dismissing the Labor Law § 241 (6) claim. (Appeal from Order of Supreme Court, Niagara County, Fahey, J.—Summary Judgment.) Present—Green, J. P., Wisner, Hayes, Balio and Fallon, JJ.