■ SOPHIA SCHWAB, as Executrix of LEO SCHWAB, Deceased, Respondent-Appellant, v PAMELA C. CAMPBELL, Individually

and as Executrix of DAVID C. CAMPBELL, Deceased, and Doing Business as CAMPBELL FARMS, Appellant-Respondent. [697 NYS2d 424] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying that part of defendant's motion for summary judgment dismissing the Labor Law claims because plaintiff's decedent volunteered to assist defendant and defendant's decedent in the construction of the barn, and there is no evidence of compensation in the record. The provisions of the Labor Law apply to an employee, defined as "a mechanic, workingman or laborer working for another for hire" (Labor Law § 2 [5]; *see, Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971). A person is employed if he or she is "permitted or suffered to work" (Labor Law § 2 [7]; *see, Whelen v Warwick Val. Civic & Social Club, supra*, at 971). The provisions of the Labor Law on which plaintiff relies are "inapplicable to persons such as friends and neighbors who voluntarily render casual assistance to a homeowner in performing a home repair or construction job" (*Howerter v Dugan*, 232 AD2d 524, 525; *see also, Whelen v Warwick Val. Civic & Social Club, supra*, at 971). Plaintiff's reliance on *Thompson v Marotta* (256 AD2d 1124, 1125) is misplaced because there is no evidence that plaintiff's decedent was "fulfilling [an] obligation" when he performed the work. Nor did plaintiff raise an issue of fact by submitting the affidavit of a private investigator. The silence of defendant's decedent during the private investigator's interview of a third party cannot be considered an admission by silence because there is no evidence that defendant's decedent was given an opportunity to speak (*see, People v Lord*, 103 AD2d 1032, 1033).

The status of plaintiff's decedent as a volunteer does not absolve defendant of liability for common-law negligence. To avoid liability for negligence, defendant must establish as a matter of law that neither she nor her husband supervised or controlled the work (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877) and that they had no actual or constructive notice of the defect (*see, Eddy v Tops Friendly Mkts.*, 91 AD2d 1203, *affd* 59 NY2d 692). Defendant established that neither she nor her husband supervised the work but failed to establish as a matter of law that they were unaware of a defect. Thus, defendant failed to establish her entitlement to summary judgment dismissing the negligence claim (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). We modify the order by granting defendant's motion in part and dismissing the Labor Law claims. (Appeals from Order of Supreme Court, Wyoming County, Rath, Jr., J.—Summary

Judgment.) Present—Denman, P. J., Pine, Wisner, Pigott, Jr., and Callahan, JJ.