■ HOWARD L. FELDMAN, Appellant, v LIBBY CHUTE, Respondent, et al., Defendant. [750 NYS2d 875] —In an action to re-

cover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Floyd, J.), dated March 9, 2001, which granted the motion of the defendant Libby Chute for summary judgment dismissing the complaint insofar as asserted against her, and (2) a judgment of the same court entered July 23, 2001, which dismissed the complaint insofar as asserted against that defendant.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly granted the motion of the defendant Libby Chute for summary judgment. Chute made a prima facie showing of entitlement to judgment as a matter of law (*see generally Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851), and the plaintiff failed to submit any evidence in opposition to the motion demonstrating that the alleged repositioning of the ladder from which he subsequently fell created a dangerous condition, or that the condition was a proximate cause of his fall (*see generally Zuckerman v City of New York,* 49 NY2d 557). Under these circumstances, a finding of proximate cause would be impermissibly based on mere speculation or guesswork (*see Howerter v Dugan,* 232 AD2d 524). Therefore, Chute was entitled to summary judgment (*see Conry v Avellino,* 287 AD2d 478).

In light of the foregoing, we need not reach the plaintiff's remaining contentions. Santucci, J.P., McGinity, Luciano and Schmidt, JJ., concur.