■ Rocco Curatolo, Appellant, v Rocco Postiglione, Respondent. [767 NYS2d 894]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated October 11, 2002, which denied his motion for summary judgment on the issue of liability under Labor Law § 240 (1).

Ordered that the order is affirmed, with costs.

The plaintiff was injured when he fell from a scaffold while working on a construction project at the defendant's home. The plaintiff's brother had agreed to assist the defendant with the project, which involved reinforcing the roof of the garage attached to the defendant's one-family house, and the plaintiff accompanied his brother to the defendant's home. While helping to install new beams in the garage roof, one of the planks on the scaffold on which the plaintiff was standing gave way. The plaintiff fell onto a metal fence, sustaining injuries.

The plaintiff commenced the instant action against the defendant based on Labor Law § 240 (1) and subsequently moved for summary judgment on the issue of liability. The plaintiff argued that the exemption from liability under section 240 (1) for owners of one-family dwellings did not apply in this case. The Supreme Court denied the motion on the ground that there was a triable issue of fact.

The owner of a one- or two-family dwelling is subject to liability under Labor Law § 240 (1) only if he or she directs or controls the work being performed, that is, where the owner supervises "the method and manner of the work" (*Duarte v East Hills Constr. Corp.*, 274 AD2d 493, 494 [2000]). The plaintiff established as a matter of law that the defendant, who had been involved in the construction business prior to his retirement, was not entitled to the exemption from liability under section 240 (1) as he supervised the method and manner of the plaintiff's work. The evidence presented by the defendant failed to raise a triable issue of fact regarding his entitlement to the exemption.

However, summary judgment was properly denied as there is an issue of fact as to whether the plaintiff was a volunteer and therefore not entitled to the protection of the statute. Labor Law § 240 (1) protects only those persons who are employed at a work site, and an "employee" is defined as "a mechanic, workingman or laborer working for another *for hire*" (Labor Law § 2 [5] [emphasis added]). "A volunteer who offers his services gratuitously cannot claim the protection afforded by [section 240]" (*Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971 [1979]). In view of the conflicting evidence as to whether the plaintiff was merely helping out the defendant as a friend or was expecting to be compensated, the plaintiff's motion for summary judgment was properly denied (*see Schroeder v Centro Pariso Tropical*, 233 AD2d 314 [1996]; *Marks v Morehouse*, 222 AD2d 785 [1995]).

The parties' remaining contentions are without merit. Goldstein, J.P., Adams, Townes and Mastro, JJ., concur.