■ Eric Stringer, Respondent, v Barbara Musacchia, Individually and as Trustee of the John Musacchia Residual Trust B-1, et al., Appellants. [848 NYS2d 762]—

Mercure, J.P. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered December 6, 2006 in Greene County, which, among other things, granted plaintiff's cross motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Plaintiff was injured when he fell from a ladder while constructing a shed on the property of defendants in the Town of Lexington, Greene County. Plaintiff, a self-employed construction contractor, agreed to build the shed for his friend, John Musacchia, in return for his inclusion in a hunting trip organized by Musacchia and held on defendants' property. Musacchia organized the hunting trips annually, and they evidently included celebrities and were filmed for television. Guests who were not "celebrity types" were expected to work on the property in the afternoon—engaging in "projects," such as "tree planting, plowing fields, maintenance, fencing, whatever generally needed to be done"—after hunting in the morning. Plaintiff was eager to be included in the hunting trip, and Musacchia permitted him to attend in exchange for his labor in building the shed. Plaintiff concedes that he was not compensated for building the shed, that he did not expect to receive any remuneration and that he paid his own travel expenses.

Nevertheless, plaintiff commenced this action, alleging negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). Defendants answered and moved for summary judgment dismissing the complaint. They asserted, among other things, that plaintiff acted as a volunteer in building the shed and was therefore not an "employee" entitled to the protections of the Labor Law. Plaintiff cross-moved for partial summary judgment on the issue of liability under Labor Law § 240 (1).* Supreme Court partially granted defendants' motion by dismissing the negligence and Labor Law §§ 200 and 241 (6) claims, but granted plaintiff's cross motion for partial summary judgment on his Labor Law § 240 (1) claim. Defendants appeal and we now reverse that part of the order of Supreme Court that granted plaintiff's cross motion and partially denied defendants' motion.

It is well settled that "in order to invoke the protections af-

---

* Defendants did not raise, in either their answer or their submissions on the respective summary judgment motions, their claim that they are exempt from Labor Law § 240 (1) as the owners of a single-family dwelling. As such, that claim is unpreserved.

forded by . . . Labor Law [§ 240] and to come within the special class for whose benefit liability is imposed upon contractors, owners and their agents, a 'plaintiff must demonstrate that he [or she] was both permitted or suffered to work on a building or structure and that he [or she] *was hired by someone,* be it owner, contractor or their agent' " (*Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 576-577 [1990] [citations omitted and emphasis added], quoting *Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971 [1979]; *see* Labor Law § 2 [5], [7]; *Lee v Jones,* 230 AD2d 435, 436 [1997], *lv denied* 91 NY2d 802 [1997]). Therefore, "[a] volunteer who offers his [or her] services gratuitously cannot claim the protection afforded by the 'flat and unvarying duty' flowing to this special class" (*Whelen v Warwick Val. Civic & Social Club,* 47 NY2d at 971, quoting *Yearke v Zarcone,* 57 AD2d 457, 459 [1977], *lv denied* 43 NY2d 643 [1977]; *see Curatolo v Postiglione,* 2 AD3d 480, 481 [2003]; *Marks v Morehouse,* 222 AD2d 785, 787 [1995]). As this Court has explained, the Legislature's intent in enacting Labor Law § 240 " 'was to protect work[ers] engaged in their jobs' " (*Alver v Duarte,* 80 AD2d 182, 183 [1981], quoting *Yearke v Zarcone,* 57 AD2d at 461). In other words, "[a]bsolute liability is imposed to protect *the employee* from [the] hazards of his [or her] work which he [or she] has no choice in avoiding if he [or she] is to earn a livelihood" (*Yearke v Zarcone,* 57 AD2d at 460 [emphasis added]), rather than for the protection of volunteers choosing to offer their services gratuitously (*see Mordkofsky v V.C.V. Dev. Corp.,* 76 NY2d at 577). Moreover, and contrary to the position adopted by the dissent, a defendant is not required to show that construction work is casual in order to establish that the plaintiff is a volunteer and, therefore, outside the class protected by Labor Law § 240 (*see Whelen v Warwick Val. Civic & Social Club,* 47 NY2d at 971 [concluding that a plaintiff working voluntarily and without pay on the construction of a storage building on premises owned by the defendant civic organization was a volunteer]; *Schwab v Campbell,* 266 AD2d 840, 841 [1999] [concluding that the decedent assisting the defendant farm owner in the construction of a barn was a volunteer]).

It must be noted that a plaintiff's agreement with an employer that all earnings will be applied to reduce a debt owed to the employer will not affect the plaintiff's employment status if the plaintiff was " 'permitted or suffered to work' on the premises, *for monetary consideration,* by the [employer]" (*Vernum v Zilka,* 241 AD2d 885, 887 [1997] [citation omitted and emphasis added], quoting Labor Law § 2 [7]; *see Thompson v Marotta,* 256 AD2d 1124, 1125 [1998] [holding the plaintiff to be an employee fulfilling an obligation when landlord waived security deposit in

exchange for job]). When plaintiffs are not " 'fulfilling [an] obligation' " by performing the work, however, they will be considered volunteers (*Schwab v Campbell*, 266 AD2d at 841), even if they are to receive some nonmonetary benefit as a result of performing the job and defendants would otherwise have had to pay someone to complete the job (*see Howerter v Dugan*, 232 AD2d 524, 525 [1996] [holding that the plaintiff was a volunteer despite his receipt of firewood in exchange for cutting down the defendant homeowners' trees when homeowners otherwise would have had to pay for the job]). Similarly here, although Musacchia testified that plaintiff was included in the hunting trip in exchange for agreeing to design and build a shed that Musacchia had wanted built for years, plaintiff admitted that he knew he would not be compensated for building the shed—in contrast to previous jobs that he had performed for Musacchia for which he had been compensated. Thus, despite the intangible benefit that plaintiff might have enjoyed from participating in the hunt, because plaintiff chose to volunteer his services, was under no obligation to complete the shed and knew that he would receive no monetary consideration, he was not an employee entitled to the protections of the Labor Law, and defendants' motion for summary judgment dismissing the Labor Law § 240 cause of action must be granted and the complaint dismissed in its entirety (*see id.*; *see also Schwab v Campbell*, 266 AD2d at 841; *cf. Thompson v Marotta*, 256 AD2d at 1125; *Vernum v Zilka*, 241 AD2d at 886-887).

Defendants' remaining arguments are rendered academic by our determination.

Crew III and Rose, JJ., concur.

Spain, J. (dissenting). We respectfully dissent, agreeing with Supreme Court's determination that plaintiff is entitled to summary judgment on his Labor Law § 240 (1) claim. To be sure, "[a] volunteer who offers his [or her] services *gratuitously* cannot claim the protection afforded by the 'flat and unvarying duty' flowing to [the] special class [of employees protected by] section 240" (*Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971 [1979] [emphasis added], quoting *Yearke v Zarcone*, 57 AD2d 457, 459 [1977], *lv denied* 43 NY2d 643 [1977]).

Here, plaintiff, a self-employed construction contractor, and John Musacchia negotiated an agreement whereby plaintiff would be permitted to engage in the planned hunting event on the subject property and, in exchange, plaintiff would design, oversee and construct a shed on the property. Plaintiff was in the process of "fulfilling [his] obligation" (*Schwab v Campbell*, 266 AD2d 840, 841 [1999]) under that agreement—completing

the construction of the shed—when he slipped and fell from the ladder. As such, plaintiff was not merely offering " 'the casual assistance of a friend, neighbor or relative' " (*Alver v Duarte*, 80 AD2d 182, 183 [1981], quoting *Yearke v Zarcone*, 57 AD2d at 461; *cf. Tse Chin Cheung v G & M Hardware & Elec.*, 249 AD2d 28, 29 [1998]; *Howerter v Dugan*, 232 AD2d 524, 525 [1996]), "helping out" the property owner (*Curatolo v Postiglione*, 2 AD3d 480, 481 [2003]), or acting as "[a] volunteer who offers his services gratuitously" (*Whelen v Warwick Val. Civic & Social Club*, 47 NY2d at 971). "[G]ratuitous" work is that which is "[d]one or performed without obligation to do so; given without consideration" (Black's Law Dictionary 721 [8th ed 2004]).

The uncontroverted fact here is that plaintiff was obligated to complete this work. Significantly, Musacchia would not have permitted him to join the hunting event (and had previously rejected plaintiff's request to join) without the concomitant quid pro quo that plaintiff would accomplish the erection of the shed. Plaintiff's status as an "employee" (Labor Law § 2 [5]), who was "employed" (Labor Law § 2 [7]), does not turn on whether he receives an actual paycheck for work performed at this site (*see e.g. Vernum v Zilka*, 241 AD2d 885, 886-887 [1997]). Regardless of whether a worker such as plaintiff was required to pay for the hunting event and was monetarily compensated for building the shed, or was charged to participate in the hunt and deemed to be thereafter paying off that debt incurred by erecting the shed (*see Thompson v Marotta*, 256 AD2d 1124, 1125 [1998]; *Vernum v Zilka, supra*), or—as here—a quid pro quo barter arrangement was entered in which no money was exchanged, the construction work such as performed by plaintiff was not gratuitous; rather, it was substantially equivalent to acting as a general contractor to design, oversee and complete the building of a structure. Thus, plaintiff was within the class of persons for whose benefit Labor Law § 240 was enacted.

Further, plaintiff established a prima facie case of entitlement to summary judgment given his uncontroverted testimony that the ladder "kicked out" from underneath him, causing his fall from the elevated work site (*see Dowling v McCloskey Comm. Servs. Corp.*, 45 AD3d 1232, 1233 [2007]; *Mitchell v Atlas Copco N. Am.*, 307 AD2d 635, 636-637 [2003]; *Smith v Pergament Enters. of S.I.*, 271 AD2d 870, 871-872 [2000]; *see also Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 n 8 [2003]), and defendant failed to submit evidence raising a triable issue of fact in response (*see Ball v Cascade Tissue Group-N.Y., Inc.*, 36 AD3d 1187, 1188 [2007]). Accordingly, plaintiff is entitled to summary judgment on his Labor Law § 240 (1) claim.

Peters, J., concurs. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as granted plaintiff's cross motion for partial summary judgment and partially denied defendants' motion for summary judgment; plaintiff's cross motion denied, defendants' motion granted in its entirety and complaint dismissed; and, as so modified, affirmed.