PATRICK G. FULLER, Respondent-Appellant, v PHILIP R. SPIESZ et al., Appellants-Respondents. [861 NYS2d 896]—

Appeal and cross appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered May 24,

2007 in a personal injury action. The order denied plaintiff's motion for partial summary judgment and denied defendants' cross motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the cross motion in part and dismissing the Labor Law § 240 (1) and § 241 (6) causes of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell while installing a metal roof on defendants' property. Supreme Court properly denied plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) cause of action, but erred in denying those parts of defendants' cross motion for summary judgment dismissing that cause of action and the Labor Law § 241 (6) cause of action, and we therefore modify the order accordingly.

In order to come within the class of persons entitled to protection under the Labor Law, "a plaintiff must demonstrate that he [or she] was both permitted or suffered to work on a building or structure and that he [or she] was hired by someone, be it owner, contractor or . . . agent [thereof]" (*Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971 [1979]; *see* Labor Law § 2 [5], [7]; *see generally Alver v Duarte*, 80 AD2d 182, 183 [1981]). "A volunteer who offers his [or her] services gratuitously cannot claim the protection" afforded by the Labor Law (*Whelen*, 47 NY2d at 971; *see Schwab v Campbell*, 266 AD2d 840, 841 [1999]; *Yearke v Zarcone*, 57 AD2d 457, 460-461 [1977], *lv denied* 43 NY2d 643 [1977]) and, here, it is undisputed that plaintiff, a longtime friend of Philip R. Spiesz (defendant), was not to be paid for his services and was not otherwise fulfilling any obligation to defendants by performing the work (*see Stringer v Musacchia*, 46 AD3d 1274, 1277 [2007]; *cf. Thompson v Marotta*, 256 AD2d 1124, 1125 [1998]). We reject the contention of plaintiff that he was not a volunteer because the parties had a "barter agreement" pursuant to which defendant agreed to perform construction work on plaintiff's residence in exchange for plaintiff's construction work on defendants' roof. "[T]he Labor Law provisions relied on by the plaintiff[ ] are inapplicable to persons such as friends and neighbors who voluntarily render casual assistance to a homeowner in performing a home repair or construction job" (*Howerter v Dugan*, 232 AD2d 524, 525 [1996]). We reject the contention of defendants, however, that the court erred in denying that part of their cross motion for summary judgment dismissing the common-law

negligence cause of action. The fact that plaintiff was a volunteer at the time of the accident "does not absolve defendant[s] of liability for common-law negligence" (*Schwab*, 266 AD2d at 841), and defendants failed to meet their burden on that part of the cross motion by establishing that they did not supervise or control the work and had no actual or constructive notice of the alleged defect (*see id.*). Present—Centra, J.P., Lunn, Fahey, Peradotto and Gorski, JJ.