■ KEVIN LUTHRINGER, Respondent, v GREGORY LUTH-RINGER, Appellant. [872 NYS2d 779]—

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered January 29, 2008 in a personal injury action. The order, insofar as appealed from, denied the motion of defendant for summary judgment.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell while replacing the roof on a single-family home owned by defendant, his brother. We agree with defendant that Supreme Court erred in denying his motion for summary judgment dismissing the complaint. With respect to the Labor Law cause of action, asserting the violation of Labor Law §§ 200, 240 (1) and § 241 (6), plaintiff contends that he was not a volunteer because he and his brother had a quid pro quo arrangement whereby they assisted each other. We reject that contention, inasmuch as plaintiff remained a volunteer despite the existence of an alleged "barter agreement" between the parties (*see Fuller v Spiesz*, 53 AD3d 1093, 1094 [2008]). It is well settled that the Labor Law does not afford protection to "[a] volunteer who offers his [or her] services gratuitously" (*Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971 [1979]; *see* Labor Law § 2 [5], [7]; *Schwab v Campbell*, 266 AD2d 840 [1999]; *Yearke v Zarcone*, 57 AD2d 457, 460-461 [1977], *lv denied* 43 NY2d 643 [1977]). Here, defendant established as a matter of law that plaintiff was not fulfilling any obligation to him and was not to be paid for his work (*see Stringer v Musacchia*, 46 AD3d 1274, 1277 [2007], *affd* 11 NY3d 212 [2008]; *Fuller*, 53 AD3d at 1094), and plaintiff failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

We further conclude in any event that defendant is also exempt from liability under Labor Law § 240 (1) and § 241 (6) as the owner of a one-family dwelling who contracted for but did not direct or control the work (*see generally Ennis v Hayes*, 152 AD2d 914, 915 [1989]). "Whether an owner's conduct amounts to directing or controlling depends upon the degree of supervision exercised over the method and manner in which the work is performed" (*id.*; *see Gambee v Dunford*, 270 AD2d 809, 810 [2000]). It is undisputed that defendant worked on the roof on the day of plaintiff's accident, and that defendant supplied

materials for the work. Nevertheless, defendant submitted the deposition testimony of nonparty witnesses in which they stated that the family worked together to complete the project, but that no one at the work site supervised the project or the method and manner of the work. Defendant thus established as a matter of law that he did not supervise or control plaintiff's work, and plaintiff failed to raise an issue of fact (*see generally Zuckerman*, 49 NY2d at 562).

Likewise, we conclude that the court erred in denying that part of defendant's motion with respect to the common-law negligence cause of action. As we previously determined, defendant established that he neither supervised nor controlled plaintiff's work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]), and we further conclude that defendant established as a matter of law that he neither created nor had actual or constructive notice of the alleged dangerous condition (*see Eddy v Tops Friendly Mkts.*, 91 AD2d 1203 [1983], *affd* 59 NY2d 692 [1983]). Plaintiff failed to raise an issue of fact to defeat that part of defendant's motion (*see generally Zuckerman*, 49 NY2d at 562). Finally, inasmuch as defendant argued before the motion court that he is entitled to summary judgment dismissing the common-law negligence cause of action, we reject plaintiff's contention that defendant has advanced that argument for the first time on appeal (*cf. Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Peradotto, JJ.