ROY LEDWIN et al., Respondents, v JEFFREY AUMAN et al., Appellants, et al., Defendants. [875 NYS2d 711]—

Appeals from an order of the Supreme Court, Erie County (Penny M. Wolfgang, J.), entered March 14, 2008 in a personal injury action. The order denied the motion of defendant Jeffrey Auman for summary judgment and denied the cross motion of defendant MDC General Contractor, Inc. for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the Labor Law § 240 (1) and § 241 (6) claims against defendant Jeffrey Auman and by granting the cross motion and dismissing the complaint against defendant MDC General Contractor, Inc. and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and

common-law negligence action seeking damages for injuries sustained by Roy Ledwin (plaintiff) when he fell from a ladder while inspecting the electrical system of a single-family home owned by defendant Jeffrey Auman. Defendant MDC General Contractor, Inc. (MDC), along with other contractors, had been hired by Auman to renovate his home. We agree with Auman that Supreme Court erred in denying those parts of his motion seeking summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) claims against him, and we therefore modify the order accordingly. "Owners and contractors are subject to liability pursuant to Labor Law § 240 (1) and § 241 (6), except owners of one- and two-family dwellings who contract for but do not direct or control the work" (*Zamora v Frantellizzi*, 45 AD3d 580, 581 [2007]; *see Soskin v Scharff*, 309 AD2d 1102, 1104 [2003]). Here, it is undisputed that Auman did not control, direct or supervise the manner in which plaintiff performed the electrical inspection on the property, nor did he provide plaintiff with the allegedly defective ladder. Auman's involvement in the renovation was "no more extensive than would be expected of the typical homeowner" (*Jumawan v Schnitt*, 35 AD3d 382, 383 [2006], *lv denied* 8 NY3d 809 [2007]), and thus Auman is entitled to the protection of the homeowner exemption because it is undisputed that he did not offer any "specific direction as to how the injured plaintiff was to accomplish [the electrical inspection performed by plaintiff]" (*Angelucci v Sands*, 297 AD2d 764, 766 [2002]; *see Schultz v Noeller*, 11 AD3d 964, 965 [2004]).

We conclude, however, that the court properly denied those parts of the motion of Auman seeking summary judgment dismissing the Labor Law § 200 and common-law negligence claims against him. Auman failed to meet his initial burden of establishing as a matter of law that he did not have constructive notice of the allegedly unsafe condition when he in fact had used the allegedly defective ladder to access the basement prior to plaintiff's accident. Auman thus failed to establish as a matter of law that he did not have actual or constructive notice of the unsafe condition that gave rise to the accident (*see Higgins v 1790 Broadway Assoc.*, 261 AD2d 223, 224-225 [1999]; *see also Sponholz v Benderson Prop. Dev.*, 273 AD2d 791, 792-793 [2000]).

We further conclude that the court erred in denying the cross motion of MDC for summary judgment dismissing the complaint against it, and we therefore further modify the order accordingly. We note that, although Tiffany Builder, Inc. (Tiffany) joined in the cross motion with MDC, according to the CPLR

5531 statement in the record the action against Tiffany has been discontinued. We therefore address the cross motion only insofar as it concerns MDC. With respect to liability under the Labor Law, MDC had to have the authority to control or supervise plaintiff's electrical work, and it is undisputed that Auman hired plaintiff and that MDC was not an agent of Auman (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 316-318 [1981]; *Kesselbach v Liberty Haulage*, 182 AD2d 741, 742 [1992]; *see also Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876 [1993]). Furthermore, with respect to liability for common-law negligence, MDC established that it neither supervised or controlled plaintiff's work nor had "actual or constructive notice of the [alleged] defect" (*Schwab v Campbell*, 266 AD2d 840, 841 [1999]; *see Fuller v Spiesz*, 53 AD3d 1093, 1094-1095 [2008]). Plaintiffs failed to raise a triable issue of fact to defeat MDC's cross motion and, indeed, we note that plaintiff testified at his deposition that MDC did not direct, supervise or control his work. Present—Scudder, P.J., Hurlbutt, Peradotto and Gorski, JJ.