■ DENNIS R. CROMWELL et al., Appellants-Respondents, v KENNETH E. HESS et al., Respondents-Appellants. [879 NYS2d 883]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered January 3, 2008 in a personal injury action. The order denied plaintiffs' motion for partial summary judgment and defendants' cross motion for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Dennis R. Cromwell (plaintiff) when he fell from a ladder while attaching siding to rental property owned by defendants. Plaintiffs appeal and defendants cross-appeal from an order denying plaintiffs' motion for partial summary judgment on liability with respect to the Labor Law § 240 (1) claim and denying defendants' cross motion for summary judgment dismissing the complaint. We affirm. To be entitled to the protection of Labor Law § 240 (1), a plaintiff must "demonstrate that he [or she] was both permitted or suffered to work on a building or structure and that he [or she] was hired by someone, be it [the] owner, contractor or their agent" (*Stringer v Musacchia*, 11 NY3d 212, 215 [2008] [internal quotation marks omitted]; *see Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970 [1979]). It is well established that Labor Law § 240 (1) does not afford protection to volunteers (*see Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 577 [1990]; *Whelen*, 47 NY2d 970 [1979]; *Fuller v Spiesz*, 53 AD3d 1093, 1094 [2008]), and here there is an issue of fact whether there was an agreement pursuant to which plaintiff was to perform a service in return for compensation, thus rendering him an employee rather than a volunteer (*see Stringer*, 11 NY3d at 215-216). Contrary to the further contention of defendants, Supreme Court properly denied those parts of their cross motion for summary judgment dismissing the Labor Law § 200 claim and common-law negligence cause of action. Even assuming, arguendo, that defendants met their initial burden by establishing that they did not supervise or control plaintiff's work and that they lacked actual

notice of the alleged dangerous condition, we conclude that they failed to establish that they lacked constructive notice of that alleged condition *(see generally Fuller*, 53 AD3d at 1095). Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Centra, JJ.