# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

572

CA 11-02460

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

GERALD TANNER AND MELANIE TANNER,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

SHAWN M. RYAN AND SHANNON M. RYAN,
DEFENDANTS-APPELLANTS.

---

MITCHELL GORIS STOKES & O'SULLIVAN, LLC, CAZENOVIA (MARK D. GORIS OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

HARRIS BEACH PLLC, SYRACUSE (LAUREN H. SEITER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), dated March 4, 2011 in a personal injury action. The order denied the motion of defendants for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Gerald Tanner (plaintiff) when he fell from the roof of a home owned by defendants, allegedly as the result of defendants' negligence. Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint. It is well established that a landowner has a common-law duty to provide workers with a reasonably safe place to work (*see Lombardi v Stout*, 80 NY2d 290, 294). In order to establish liability, a plaintiff must show that the landowner supervised and controlled the work (*see id*. at 295; *Luthringer v Luthringer*, 59 AD3d 1028). Here, plaintiff testified that Shawn M. Ryan (defendant) asked plaintiff and his brother to help perform a temporary fix on the roof of his house, and that defendant provided plaintiff and his brother with the necessary tools to complete the job. Additionally, plaintiff testified that defendant assisted in the work by passing plywood to plaintiff, and by cutting pieces of plywood that did not fit properly. Plaintiff also testified that defendant mocked his request for a rope to tie himself off, so plaintiff went up on the roof without a rope. Even assuming, arguendo, that defendants met their burden of establishing their entitlement to summary judgment, we conclude that plaintiffs' submissions raise an issue of fact whether defendant supervised or controlled plaintiff's work (*see Ennis v Hayes*, 152 AD2d 914, 915; *cf.*

*Luthringer*, 59 AD3d at 1030).  We reject the contention of defendants that plaintiff's affidavit was a feigned attempt to avoid the consequences of his prior deposition testimony (*see Kalt v Ritman*, 21 AD3d 321, 323).

Entered:  April 20, 2012                        Frances E. Cafarell
                                                Clerk of the Court