In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Mahon, J.), dated September 27, 2011, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
In granting the defendants’ motion for summary judgment dismissing the complaint, the Supreme Court essentially determined that this action was barred by the doctrine of primary assumption of risk. We affirm the order appealed from, but on a different ground.
“Proximate cause may be established without direct evidence of causation, by inference from the circumstances of the accident; however, mere speculation as to the cause of an accident, *778 when there could have been many possible causes, is fatal to a cause of action” (Costantino v Webel, 57 AD3d 472, 472 [2008]). Here, the defendants made a prima facie showing of their entitlement to judgment as a matter of law by submitting a transcript of the plaintiffs deposition testimony, which clearly established, inter alia, that a finding that their alleged negligence was a proximate cause of the subject accident would be based on mere speculation (see Lissauer v Shaarei Halacha, Inc., 37 AD3d 427, 427-428 [2007]; Capraro v Staten Is. Univ. Hosp., 245 AD2d 256, 257 [1997]; cf. Howerter v Dugan, 232 AD2d 524, 525 [1996]). In opposition, the plaintiff failed to raise a triable issue of fact.
The parties’ remaining contentions have been rendered academic in light of our determination.
Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint. Angiolillo, J.R, Chambers, Hall and Roman, JJ., concur.