Ramsden v Geary (2021 NY Slip Op 03779)





Ramsden v Geary


2021 NY Slip Op 03779


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1139 CA 20-00741

[*1]PATRICK RAMSDEN, PLAINTIFF-APPELLANT,
v
WILLIAM GEARY, DEFENDANT-RESPONDENT. 






BROWN CHIARI LLP, BUFFALO (ERIC M. SHELTON OF COUNSEL), FOR PLAINTIFF-APPELLANT.
LAW OFFICE OF JOHN TROP, BUFFALO (BENJAMIN R. WOLF OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered December 18, 2019. The order denied the motion of plaintiff for partial summary judgment, granted the cross motion of defendant for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell while installing a metal roof on a single-family home owned by defendant. Defendant purchased the home in 1998 for his daughter and her future husband, plaintiff. The parties had a verbal rent-to-own agreement that was later reduced to writing in 2009. Pursuant to that agreement, defendant's daughter and plaintiff made monthly payments to defendant consisting of the mortgage, insurance, and taxes on the property and, when the balance of the mortgage was paid in full, defendant would sign the house over to plaintiff. In 2012, defendant was notified by the homeowner's insurance company that a new roof was needed on the house, and defendant informed plaintiff of that fact. Plaintiff decided to install a metal roof on the property and purchased the materials. In October 2014, plaintiff was installing the new roof with the assistance of his brothers when he stepped on an unsecured metal roofing panel and fell to the ground below.
Supreme Court properly granted defendant's cross motion insofar as it sought summary judgment dismissing the complaint. Plaintiff does not raise any issue with respect to the dismissal of the Labor Law § 200 and common-law negligence causes of action and has therefore abandoned them (see Gimeno v American Signature, Inc., 67 AD3d 1463, 1465 [4th Dept 2009], lv dismissed 14 NY3d 785 [2010]). With respect to the Labor Law §§ 240 (1) and 241 (6) causes of action, defendant established his entitlement to the benefit of the statutory homeowner's exemption from liability (see generally Lombardi v Stout, 80 NY2d 290, 296 [1992]). The legislature exempted "owners of one and two-family dwellings who contract for but do not direct or control the work" from the duties imposed by Labor Law §§ 240 (1) and 241 (see Bartoo v Buell, 87 NY2d 362, 367 [1996]; Lombardi, 80 NY2d at 296). Here, defendant's submissions in support of his cross motion establish that plaintiff purchased the materials, was the beneficiary of the work, and controlled when and how the work was performed. Contrary to plaintiff's contention, it is not determinative that defendant did not reside on the property inasmuch as that is not a requirement under the statute (see Castro v Mamaes, 51 AD3d 522, 522-523 [1st Dept 2008]). The exemption "was not intended to insulate from liability owners who use their one- or two-family houses purely for commercial purposes" (Lombardi, 80 NY2d at 296). Here, defendant established that he did not derive a commercial benefit from the property or use the property for a commercial purpose (see Morocho v Marino Enters. Contr. Corp., 65 AD3d 675, 675-676 [2d Dept 2009]; Castro, 51 AD3d at 523; cf. Van Amerogen v Donnini, 78 NY2d 880, 882 [1991]). In opposition to the cross motion, plaintiff failed to raise a triable issue of fact with [*2]respect to the homeowner's exemption (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
We further conclude in any event that defendant established his entitlement to summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) causes of action on the ground that plaintiff was a volunteer (see generally Stringer v Musacchia, 11 NY3d 212, 215-216 [2008]; Whelen v Warwick Val. Civic & Social Club, 47 NY2d 970, 971 [1979]; Luthringer v Luthringer, 59 AD3d 1028, 1029 [4th Dept 2009]). Defendant's submissions in support of his cross motion establish that plaintiff was not hired by defendant inasmuch as he was not paid for his work and was not fulfilling an obligation to defendant at the time of the accident (see Luthringer, 59 AD3d at 1029; Fuller v Spiesz, 53 AD3d 1093, 1094 [4th Dept 2008]). In addition, defendant's submissions establish that he did not direct or supervise the manner and method of the work, and that he would not determine whether the roof was installed satisfactorily (see generally Stringer, 11 NY3d at 215-216). In opposition, plaintiff failed to raise a triable issue of fact (see generally Zuckerman, 49 NY2d at 562). Any obligation that plaintiff perceived he had to install the roof was the result of the homeowner's insurance company threatening to cancel the insurance if a new roof were not installed, which in turn would, according to plaintiff and defendant's daughter, require defendant to sell the house and cause plaintiff to lose his investment. Contrary to plaintiff's contention, the new roof installation was not an obligation imposed by defendant (cf. Thompson v Marotta, 256 AD2d 1124, 1125 [4th Dept 1998]).
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court