■ HANIL BANK, NEW YORK AGENCY, Respondent, v A & E INTERNATIONAL, LTD., Appellant, et al., Defendant. [695 NYS2d 15] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered December 31, 1998, which granted summary judgment against defendant A & E International, Ltd. and co-defendant Chang Ho Lie, jointly and severally, in the amount of $5,000,000 plus interest, unanimously reversed, on the law, without costs, the motion denied and the matter remanded to Supreme Court for further proceedings.

In December 1996, defendant A & E International, Ltd., a Maryland corporation, applied to plaintiff Hanil Bank, a Korean bank with an office in New York City, to borrow $5,000,000 to finance the purchase of a facility to bottle spring water and alcoholic beverages in Bethesda, Maryland. To secure the loan, defendant Chang Ho Lie gave his personal guarantee, while defendant A & E agreed to provide a "Stand By Letter of Credit" and pledged as collateral three real properties owned by the corporation in Maryland, including the

subject facility. The terms of the transaction are outlined in a letter from Lie to the bank dated December 2, 1996.

Apparently because A & E had an acute need for the purchase money, the funds were advanced on December 3, 1996 pursuant to a promissory note executed by Lie on behalf of A & E (superseding an earlier note in the same amount). A & E's purchase of the industrial property, which was acquired from Proctor and Gamble, closed the following day. The promissory note in favor of Hanil Bank provides, *inter alia*, that A & E will commence repayment of principal on June 30, 1999 in semi-annual installments of $312,500, with interest payable on a monthly basis. It also obligates A & E to furnish Hanil, upon its request, with "such financial statements and other information with respect to the business of the Borrower as may [*sic*] requested by the Lender". The note provides that it is subject to acceleration, at Hanil's option, on the occurrence of certain events, including default on any covenant under the note; discovery that any representation made in writing to procure the loan is false or misleading; termination of A & E's usual business; or the occurrence of any event that Hanil determines is likely to have a material, adverse effect on A & E's operations.

On April 4, 1997, the bank finally forwarded the financing documents necessary to secure the transaction with A & E's Maryland real estate. However, A & E refused to execute any of the security agreements, taking the position that Hanil was adequately collateralized by the letter of credit. At some later point in time, identified by Hanil in its brief as late 1997 or early 1998, the bank requested financial statements from A & E. By letter dated February 24, 1998, the corporation advised that "A & E International, Ltd. cannot provide you with a financial statement for 1996-1997 * * * A & E International, Ltd. was not and is not in operation since November of 1996. A & E is trying very hard to find the solutions, so that our Baltimore plant will be in operations [*sic*] as soon as possible." By letter dated April 10, 1998, Hanil demanded repayment of the entire amount of the loan, stating five reasons for its declaration of default: failure to provide collateral; failure to provide financial statements; suspension or termination of operations; failure to carry out its business plan; and "events which are likely to have material adverse effects on The Borrower's condition and business have occurred." A & E not only failed to honor the bank's demand but also apparently ceased to make monthly interest payments on the amount borrowed.

Hanil Bank then served a summons and motion for sum-

mary judgment in lieu of complaint against both the corporation and its president, Chang Ho Lie (CPLR 3213). In opposition to the motion, A & E contended that the bank was seeking a double recovery on the ground that it had already drawn on the letter of credit in Korea and, for this reason, the corporation had thereupon ceased to make monthly interest payments under the note. The affidavit of Choon Won Lim, founder and former chairman of A & E, professes the understanding that the letter of credit, collateralized with properties located in South Korea, obviated the need to pledge the Maryland properties as additional security. His affidavit further suggests that the bank's request for additional collateral was prompted by the Asian financial crisis.

At this juncture, the record, which is rather obscure in general, becomes indecipherable. The bank concedes that it drew down the letter of credit, but contends that it took this action to recover funds advanced to A & E in connection with other loans which were the subject of a foreclosure action commenced in South Korea. A & E, however, maintains that the letter of credit was secured by real estate located in South Korea and intimates that the Korean foreclosure resulted from A & E's default under the note. To this effect, A & E attached to its opposing papers two security agreements alleged to constitute additional security requested by the bank for its extension of the letter of credit to cover the full amount of A & E's indebtedness under the note. However, this documentation is in Korean and is unaccompanied by an English translation (CPLR 2101 [b]).

On appeal, A & E again maintains that the bank is seeking a double recovery. Hanil Bank contends, as it did on its motion for summary judgment, that A & E's supporting documentation is not competent in the absence of an English translation and that the Korean foreclosure action was premised upon defaults unrelated to this action. It further asserts, without supporting evidence, that the foreclosure action was commenced prior to its draw down of the letter of credit and suggests, again without reference to the record, that this Court take judicial notice that its recovery in the Korean action amounts to only $6,200,000 out of a total indebtedness of $11,700,000. Finally, the parties dispute whether the doctrine of election of remedies bars this action (RPAPL 1301), irrespective of the location of the collateral real property in a foreign country.

This Court is unable to state what transpired in this matter. However, it can conclude with some confidence that the facts

are sufficiently in doubt to warrant denial of the bank's motion for summary judgment. Hanil Bank appears to have acted precipitously in advancing funds to its debtor without securing the loan with the anticipated mortgage of A & E's Maryland real estate. Furthermore, the bank has failed to produce documentary evidence to demonstrate exactly what transaction (or transactions) are secured by the letter of credit which was issued by Hanil Bank in Korea and, it seems, secured by the foreclosed Korean properties. Finally, the draw against the letter of credit amounts to approximately $5 million, the face amount of the promissory note at issue.

While there may well be an outstanding amount owed by A & E to the bank, it does not follow that it is necessarily recoverable by Hanil in this action. On the other hand, although payment is an affirmative defense (CPLR 3018 [b]) that has not been conclusively established by the debtor, neither has the bank demonstrated that the amount of its draw against the letter of credit and the amount owed by defendant A & E are merely coincidental. In the absence of a more definitive record of the security pledged in support of the loan, this dispute raises questions of fact rendering summary resolution inappropriate. Concur—Sullivan, J. P., Tom, Mazzarelli, Rubin and Friedman, JJ.