■ ELLISA BOSSHART et al., Appellants, v ALSTON R. PRYCE et al., Respondents. [714 NYS2d 40] —Order, Supreme Court, Bronx County (Michael DeMarco, J.), entered on or about June 2, 1999, which, *inter alia*, granted defendant's motion for summary judgment and dismissed the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiffs commenced this action to recover damages for personal injury and property damages arising out of a collision at an intersection in Mount Vernon, New York. At issue is whether Supreme Court properly granted summary judgment dismissing the complaint on the ground that the testimony given by plaintiff Ellisa Bosshart (plaintiff) at her deposition contradicts her affidavit in opposition to defendant's summary judgment motion and could therefore be disregarded (*Joe v*

*Orbit Indus.*, 269 AD2d 121; *Kistoo v City of New York*, 195 AD2d 403).

At her examination before trial, plaintiff stated that, as she approached the intersection to make a left turn onto East Lincoln Avenue, she observed no southbound traffic approaching on Hutchinson Boulevard. However, as she turned the corner with a green light in her favor, she collided with a Nissan Maxima driven by defendant Pryce. She did not see defendants' vehicle before impact and had no idea where it came from.

Defendant Pryce testified that he was driving southbound on Hutchinson Boulevard and had proceeded about halfway into the intersection when he was struck by a Volkswagen Jetta driven by plaintiff. On the motion for summary judgment dismissing the complaint, defendants argued that plaintiff was unable to meet her burden of proof with respect to negligence. Mr. Pryce noted that his deposition testimony, which established that he was driving safely and within the law, was not contradicted by plaintiff's testimony, in which she acknowledged that she had not seen his vehicle approach. In response to defendants' motion, plaintiff stated, "Although I cannot say where the other car came from, it did not come from anywhere on Hutchinson Blvd." In reply, defendant Pryce asserted that plaintiff's opposition amounted to mere conjecture and speculation and, thus, was insufficient to defeat the motion for dismissal.

Plaintiff's allegations in opposition to the motion, though more detailed, do not contradict her earlier deposition testimony. That plaintiff did not see defendants' vehicle before colliding with it is consistent with her later statement that she observed no vehicle approaching directly from the north. The conflicting allegations merely serve to raise a question of fact as to the location and direction of defendants' vehicle immediately before the collision (*see, Plantamura v Penske Truck Leasing*, 246 AD2d 347). Concur—Mazzarelli, J. P., Ellerin, Wallach, Rubin and Saxe, JJ.