■ Franklyn Molina, Respondent, v Roosevelt Hotel, Appellant, et al., Defendants. (And a Third-Party Action.) [752 NYS2d 637] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about June 13, 2001, which, in an action by a security guard for personal injuries sustained when he slipped and fell while on the job at defendant hotel, insofar as appealed from, denied the hotel's motion for summary judgment dismissing the complaint as against it as barred by the Workers' Compensation Law, unanimously affirmed, without costs.

An issue of fact exists as to whether plaintiff was the hotel's special employee at the time of the accident (*cf. Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557-558). Such issue is raised by the hotel's contract with plaintiff's general employer, a security company and third-party defendant herein, plaintiff's affidavit in opposition to the hotel's motion for summary judgment, and the hotel's third-party action against the security company. The contract provided that security personnel were employees of the security company, which was to "exercise complete control over their conduct under the guidance of the Security Director for [defendant hotel]." Plaintiff's affidavit, responding to evidence, including his own prior deposition, that the security company did not have a supervisor at the hotel and that the guards' daily activities, including work hours, numbers on each shift and task assignments, were controlled by the hotel's security director, stated that while he took his daily instructions from the hotel's representative, he nevertheless remained subject to the supervision of his superiors at the security company. This affidavit is consistent with the contract, and, contrary to the hotel's argument, is not so inconsistent with plaintiff's prior deposition testimony that it can only be considered as having been tailored

to avoid the consequences of the earlier testimony (*see Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318, 320). Nowhere in his deposition did plaintiff say that the hotel's control over his work was exclusive, and we note the absence of an affidavit or testimony from the security company. In addition, as the motion court emphasized, the hotel, in its third-party complaint against the security company and related bill of particulars, took the position that the security company was negligent in its training and supervision of plaintiff. Concur—Nardelli, J.P., Saxe, Sullivan, Rosenberger and Ellerin, JJ.