ORA JANE MURPHY, Respondent, v CITY OF CORNING, Appellant. [755 NYS2d 185] —Appeal from an order of Supreme Court, Steuben County (Furfure, J.), entered November 1, 2001, which denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover

damages for injuries that she sustained when she tripped and fell on a sidewalk constructed and maintained by defendant. Defendant moved for summary judgment dismissing the complaint on the ground that it had not received the requisite prior written notice of the allegedly defective condition of the sidewalk. Supreme Court properly denied defendant's motion. Even assuming, arguendo, that defendant met its initial burden, we conclude that plaintiff raised a triable issue of fact whether defendant created the allegedly defective condition rendering prior written notice unnecessary (*see Amabile v City of Buffalo,* 93 NY2d 471, 474; *Kiernan v Thompson,* 73 NY2d 840, 842). Although defendant initially hired a contractor to fabricate the brick sidewalk at issue, defendant thereafter had its Department of Public Works expand the sidewalk, leaving a spine of bricks that protruded from the existing sidewalk. According to plaintiff, the original sidewalk fabricated by the contractor was laid over concrete, while the expanded portion of the sidewalk was improperly laid over sand. In addition, plaintiff submitted the deposition testimony of defendant's former Superintendent of Public Works, who testified that the sidewalk was not flush and should have been replaced. We conclude that plaintiff thereby raised an issue of fact whether defendant created a tripping hazard.

Additionally, we conclude that a triable issue of fact exists whether prior written notice was in fact filed with defendant's Department of Public Works despite the averment of defendant that it had conducted a search of its records and that no prior written notice existed. In support of its motion, defendant submitted a letter from the owner of the adjacent property stating that a notice of defect was sent to the Department of Public Works two years prior to plaintiff's fall. Although defendant's prior written notice law provides that the Superintendent of Public Works is one of the two officers who shall receive and maintain notices of defective conditions, neither the current superintendent of that department nor his immediate predecessor had any knowledge of that role, nor did they have a system for maintaining such notices to enable one to determine whether a prior filing had occurred. The superintendent in office at the time of plaintiff's fall testified that he would prioritize such notices, write work orders for some, and discard those that he deemed invalid. We conclude that plaintiff thereby raised an issue of fact whether defendant's system of indexing and maintaining the notices of defect made it possible for defendant to "make a diligent and good faith search of its internal records" (*Dufrane v Robideau,* 214 AD2d 913, 915). Present—Green, J.P., Wisner, Scudder, Kehoe and Gorski, JJ.