■ HENRY KALT, Respondent, v SIDNEY RITMAN, Defendant, and HBS LTD., Appellant. [800 NYS2d 168]—

Judgment, Supreme Court, New York County (Leland De-Grasse, J.), entered August 4, 2004, awarding plaintiff the total amount of $282,984.64 as against defendant HBS Ltd., bringing up for review an order, same court and Justice, entered November 1, 2004, which, inter alia, granted defendants' motion for reargument to the extent that it adhered to so much of its prior order, entered July 26, 2004, as granted plaintiff's motion for summary judgment against HBS, unanimously reversed, on the law, without costs, the motion denied, judgment vacated, and the matter remanded to Supreme Court for further proceedings. Appeal from order, same court and Justice, entered July 26, 2004, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. We note that the name of the individual defendant is Sidney Ritman (sued herein as Sidney Reitman) and amend the caption accordingly.

Plaintiff Kalt and defendant Ritman were formerly the equal share owners in defendant HBS. Kalt was the corporation's president and director, positions from which he resigned on April 15, 1999. At the time it was liquidated on December 31, 2002, the corporation owed over $3 million to Wells-Fargo Century Factors (Century Factors), for which amount Kalt and Ritman had originally agreed to be jointly and severally liable. In this action, Kalt seeks to recover $200,000 from HBS, ostensibly representing a loan he made to the company.

Kalt purportedly paid $200,000 to HBS by a check dated April 26, 1999, bearing the memo "(LOAN)." The date of the check has been written over and appears to have originally stated "3/2/99." At his deposition, Ritman testified that the proceeds of the check were carried on the corporation's books as a loan. However, he also stated that it was Kalt who instructed HBS's accountant, Neil Blumstein, to treat the payment as such. Ritman further testified that he had been informed by Kenneth Blair, the first senior vice-president of Century Factors, that the company had received a check for $200,000 from Kalt made out to HBS. Affidavits from both Blair and Blumstein explain that the check was tendered directly to Century Factors in consideration for an amended guaranty dated April 9, 1999. The amendment, signed by Ritman, provides: "At the request of Kalt and with the consent and agreement of the undersigned, Kalt is be-

ing released as a guarantor under the Existing Guaranty." At his own deposition, Kalt testified that he "originally made out the check in March," explaining, "what happened was I wasn't giving [Ritman] the money until he gave me a release from Century Factors." Blumstein's affidavit further reveals that, in March and April 1999, he took part in extensive negotiations between Kalt and Ritman concerning the terms of Kalt's withdrawal from the corporation.

In view of substantial evidence supporting defendants' contention that Kalt's $200,000 check represented consideration for a release, Supreme Court improperly relied on *Kistoo v City of New York* (195 AD2d 403, 404 [1993]) to reject Ritman's reply affidavit and award summary judgment to plaintiff. Contrary to the court's conclusion, Ritman did not "acknowledge[ ] at his deposition that the said sum represents an unpaid loan from plaintiff to HBS." At best, Ritman acknowledged that the sum was carried on the corporate books as a loan, explaining that such entry was made at Kalt's direction. Where, as here, a reply affidavit can be reconciled with prior testimony, it "cannot be regarded as merely a self-serving allegation calculated to contradict an admission made in the course of previous testimony" (*Faulkner v Allied Manor Road Co.*, 306 AD2d 224, 225 [2003]; *see also Bosshart v Pryce*, 276 AD2d 314 [2000]). Furthermore, there is ample evidence, apart from the contested affidavit, to support defendants' version of events, thereby raising factual questions not amenable to summary resolution (*see Hanil Bank v A & E Intl., Ltd.*, 264 AD2d 346 [1999] [uncertainty as to which debt payment was applied]).

Plaintiff's contention that the parol evidence rule precludes HBS from denying the existence of a loan is disingenuous. Plaintiff has provided no "fully integrated, written agreement" that would be contradicted by the testimonial evidence so as to warrant application of the rule (*Rong Rong Jiang v Tan*, 11 AD3d 373, 373 [2004], citing *SAA-A, Inc. v Morgan Stanley Dean Witter & Co.*, 281 AD2d 201, 203 [2001]). The documentary evidence is equivocal and does not warrant rejecting Ritman's reply affidavit or granting judgment in his favor (*cf. Leo v Mt. St. Michael Academy*, 272 AD2d 145, 146 [2000] [where documentary evidence conclusively establishes that a factual issue is feigned, summary disposition is appropriate]). Finally, because the evidence fails to establish that HBS received the proceeds of Kalt's $200,000 check, he is unable to demonstrate entitlement to summary judgment on his alternative theories of either money had and received or unjust enrichment. Concur—Buckley, P.J., Tom, Ellerin, Williams and Sweeny, JJ.