■ James R. Ford, Respondent, v Urian Weishaus, Defendant, and Corrine Weishaus, Appellant. [926 NYS2d 103]—

Plaintiff alleges that he was injured when he tripped on a cracked floor at premises owned by defendant and leased by plaintiff's employer, presently on a month-to-month basis. In support of her motion to dismiss on the ground that she is an out-of-possession landlord, defendant submitted a 1984 lease imposing maintenance and repair obligations on the tenant. However, she previously gave deposition testimony indicating that changes may have been made to the original lease.

Defendant failed to establish her prima facie entitlement to judgment as a matter of law, and there exists a triable issue as to whether a subsequent written agreement altered defendant's contractual obligations to repair and maintain the building. Reply affidavits stating that the 1984 lease was the only lease with the tenant and was not renewed were properly rejected as an attempt "to remedy a fundamental deficiency in the moving papers by submitting evidentiary material with the reply" (*Sanford v 27-29 W. 181st St. Assn.*, 300 AD2d 250, 251 [2002]; *see also Migdol v City of New York*, 291 AD2d 201 [2002]). Concur—Tom, J.P., Sweeny, Acosta and Manzanet-Daniels, JJ.

Catterson, J., dissents in a memorandum as follows: I must respectfully dissent. In my opinion, the defendant's affidavit in support of the motion for summary judgment is consistent with her prior deposition testimony. Contrary to the motion court's determination, there simply was no triable issue of fact as to whether there is a new lease with new terms that obligated the defendant to maintain the building where the plaintiff was injured. Accordingly, I believe the defendant established that she is an out-of-possession landlord entitled to summary judgment as a matter of law.

The plaintiff injured his knee, hip and back on or about June 21, 2006 when he allegedly tripped and fell over a crack in the floor of a building leased by his employer. On November 7, 2007, the plaintiff brought the instant personal injury action against the defendant owners of the building alleging that the premises were not maintained in a reasonably safe condition.*

*At deposition*, the defendant, then 80 years old, testified that she did not have a copy of the lease in effect in June 2006, or the lease in effect at the time of her deposition. While she recalled that the lease was executed when her husband was alive, she was unfamiliar with its terms and testified that she was unaware of any of her rights or responsibilities under the lease.

---

* Defendant Urian Weishaus died in 1990 and sole title of the building passed to his widow, defendant Corrine Weishaus.

The defendant further testified that she could not remember when she had last been to the building and had been there only on "rare" occasions to drop off or pick up her son, who is president and part owner of the tenant, plaintiff's employer. She testified that she did not know how many floors there were in the building and did not notice the condition of the floors. The defendant testified that she had never been through the entire building and did not recognize the interior in photographs.

By notice of motion dated October 20, 2009, the defendant moved for summary judgment to dismiss the complaint on the grounds that she is an out-of-possession landlord with no notice of the alleged defective condition that caused plaintiff's injuries. The defendant attached a copy of the lease to her moving papers. The lease is for a term of 10 years beginning June 1, 1984 and is signed by the defendant and her husband.

Under the lease, the tenant is responsible "for all taxes, assessments, repairs, improvements and or other charges or expenses in connection with the maintenance of the building." Furthermore, the defendant may reenter the premises "if . . . the tenant[ ] fail[s] to pay the [r]ent, or any part of the [r]ent when it becomes due." There are no terms regarding renewal of the lease.

The plaintiff opposed the motion on the grounds that, inter alia, the defendant stated at deposition that she believed there were some changes to the lease. When asked by the plaintiff's attorney if she and the tenant currently had the same lease with renewals, or if a new lease was drawn up every time it was renewed, the defendant answered, "I believe there were some changes, but I couldn't tell you." The plaintiff argued that defendant's statement raises a triable issue of fact as to whether a more recent lease was executed that contractually obligates the defendant to make repairs to the building.

In reply, the defendant submitted an affidavit asserting that a search of her records indicated that the 1984 lease is the only lease in existence, and that since its expiration, the tenant continued renting month-to-month under the same terms. The defendant's affidavit also explained that her reference to "some changes" referred to oral adjustments to the rent.

The defendant's son also submitted an affidavit stating that the 1984 lease is the only lease in existence and that since its expiration, the tenant has continued renting month-to-month. He confirmed that any changes to the 1984 lease terms were oral adjustments to the rent.

The motion court denied defendant's motion for summary judgment, finding, inter alia, that defendant's affidavit "some-

what alters" her deposition testimony, and so issues of fact exist as to the leasing of the premises and changes to the lease.

I disagree. The motion court's finding of a triable issue of fact is based on nothing more than defendant's deposition testimony in which defendant essentially stated, in answering a compound question, that there may have been changes to the original lease. In other words, the denial of summary judgment is based on nothing more than speculation that there may have been a new lease, and further speculation that the undiscovered new lease may have included new terms imposing liability on the defendant. Such speculation is not sufficient to raise a triable issue of fact. (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980].)

It is axiomatic that a definitive factual assertion in a reply affidavit does not contradict earlier testimony expressing doubt concerning that fact. (*See Molina v Roosevelt Hotel*, 300 AD2d 195 [1st Dept 2002]; *Bosshart v Pryce*, 276 AD2d 314 [1st Dept 2000].) Moreover, where, as here, a reply affidavit is reconcilable with prior testimony, it should not be disregarded as "self-serving." (*Kalt v Ritman*, 21 AD3d 321, 323 [2005] [internal quotation marks omitted]; *see e.g. Peri v City of New York*, 44 AD3d 526 [2007], *affd* 11 NY3d 756 [2008]; *Faulkner v Allied Manor Rd. Co.*, 306 AD2d 224, 225 [2003].)

In this case, the beginning of defendant's one-sentence answer, "I believe there were some changes," was negated by the phrase, "but I couldn't tell you," indicating that she had no knowledge of the lease or any subsequent renewals. Thus, the defendant's reply affidavit, rather than altering her testimony and raising a triable issue of fact, responds to a question previously unanswered in her deposition and clarifies her ambiguous reference to "changes" to the lease.

In crediting defendant's affidavit, I would also find that the terms of the 1984 lease were in effect at the time of the plaintiff's accident. (*See* Real Property Law § 232-c; *City of New York v Pennsylvania R.R. Co.*, 37 NY2d 298, 300 [1975] [upon a landlord's acceptance of rent from a tenant who is holding over, there is an implied continuance of the tenancy on the same terms as those contained in the original lease].)

Here, the 1984 lease terms assign repair and maintenance obligations to the tenant and the defendant may only reenter in the event of the tenant's default on rental payments. Therefore, the defendant is an out-of-possession landlord entitled to summary judgment as a matter of law. (*See Johnson v Urena Serv. Ctr.*, 227 AD2d 325, 326 [1st Dept 1996], *lv denied* 88 NY2d 814 [1996] [landlord generally not liable unless, under the lease, he is obligated to repair and maintain the premises or retained a right to reenter to inspect and repair].)