■ Julian Taveras, Appellant, v Cayot Realty, Inc., Respondent. [4 NYS3d 233]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Berliner, J.), dated

June 13, 2013, as denied his motion for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when he fell off the roof of a mobile home while renovating it. The plaintiff commenced this action to recover damages for personal injuries, alleging a violation of Labor Law § 240 (1), and subsequently moved for summary judgment on the issue of liability. The Supreme Court denied the motion.

The plaintiff demonstrated his prima facie entitlement to judgment as a matter of law based upon his affidavit and the pleadings submitted in support of his motion. To the extent that the plaintiff was required to submit his affidavit in Spanish, with a translation in English and an affidavit from a translator (*see Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d 47, 54 [2011]; *Martinez v 123-16 Liberty Ave. Realty Corp.*, 47 AD3d 901 [2008]), those documents were submitted and properly considered in reply to the arguments raised in the defendant's opposition (*cf. Rosenblatt v St. George Health & Racquetball Assoc., LLC*, 119 AD3d 45 [2014]; *Pavane v Marte*, 109 AD3d 970 [2013]; *David v Chong Sun Lee*, 106 AD3d 1044, 1045 [2013]). Nevertheless, in opposition to the plaintiff's prima facie showing, the defendant raised a triable issue of fact as to whether the plaintiff was a volunteer and therefore not entitled to the protection of Labor Law § 240 (1) (*see Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971 [1979]; *Curatolo v Postiglione*, 2 AD3d 480, 481 [2003]).

The defendant's remaining contentions need not be reached in light of our determination. Skelos, J.P., Dillon, Miller and LaSalle, JJ., concur.