Blackstock v Accede Inc. (2021 NY Slip Op 02980)





Blackstock v Accede Inc.


2021 NY Slip Op 02980


Decided on May 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 11, 2021

Before: Kern, J.P., González, Scarpulla, Mendez, JJ. 


Index No. 151419/17 Appeal No. 13787 Case No. 2020-04462 

[*1]Kim Blackstock, Plaintiff-Respondent,
v
Accede Inc. et al., Defendants, BP America Inc. et al., Defendants-Appellants.


Clark & Fox, New York (Megan K. Foster of counsel), for appellants.
Sacco & Fillas, L.L.P., Astoria (David Silverman of counsel), for respondent.



Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered April 14, 2020, which, inter alia, denied the motion of defendants BP America, Inc., BP Corporation North America Inc., and BP New York LLC (collectively BP) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Supreme Court properly denied BP's motion for summary judgment. BP acknowledged on reply that the affidavit from the Regional Account Executive (RAE) they submitted in support of their motion did not have actual knowledge of the facts regarding the accident due to the fact that he was not the RAE for the gas station where plaintiff alleges he tripped and fell on a raised gas cap on the date of incident (see Lebron v Napa Realty Corp., 65 AD3d 436, 437 [1st Dept 2009]; Leslie v Muidallap Corp., 237 AD2d 138 [1st Dept 1997]). The court properly rejected the second affidavit from BP's other RAE for the gas station even though she averred that she was the RAE assigned to the property on the day of the accident and that BP never delivered gasoline to the gas station before plaintiff fell, because it was submitted for the first time with BP's reply papers in an attempt to remedy a fundamental deficiency in the moving papers and not to merely address plaintiff's opposition (see Amtrust-NP SFR Venture, LLC v Vazquez, 140 AD3d 541, 541-542 [1st Dept 2016], lv dismissed 28 NY3d 1102 [2016]; Doyaga v Camelot Taxi Inc., 102 AD3d 594, 595 [1st Dept 2013]).
Moreover, BP's motion for summary judgment was premature since BP had not yet been deposed when they filed the motion (see Burke v Yankee Stadium, LLC, 146 AD3d 720, 721 [1st Dept 2017]). The complaint alleges that BP caused or created the alleged defect, and plaintiff satisfied his burden of demonstrating that facts essential to oppose BP's motion on this issue lies within BP's exclusive knowledge or control because the Dealer Supply Agreement submitted by BP in support of their motion states that East Side Gas was granting BP and their contractor carriers 24 hour-per-day access to the gas station's motor fuel storage for the purposes of delivering gasoline. Even if the documents that BP submitted on the motion had sufficed to make a prima facie showing that BP could not have caused or created the alleged defect because they never delivered fuel to the gas station before the accident, plaintiff has an acceptable excuse for not offering any countervailing facts to oppose the motion because BP deprived him of the opportunity to depose the parties who would have knowledge concerning the relevant
issues in this action including the negligence, if any, of BP (see Rodriguez v Architron Envtl. Servs., Inc., 166 AD3d 505, 506 [1st Dept 2018]).
We have considered the remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2021