Yocum v United States Tennis Assn. Inc. (2022 NY Slip Op 05302)

Yocum v United States Tennis Assn. Inc.

2022 NY Slip Op 05302

Decided on September 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 27, 2022

Before: Webber, J.P., Kern, Singh, Moulton, Shulman, JJ. 

Index No. 156636/16 Appeal No. 16257-16257A Case No. 2021-03013, 2022-00557 

[*1]Michael Yocum, et al., Plaintiffs-Appellants,
v
United States Tennis Association Incorporated, et al., Defendants-Respondents. (And a Third-Party Action.)

Sacks and Sacks, LLP, New York (Scott N. Singer of counsel), for appellants.
Lewis Brisbois Bisgaard & Smith LLP, New York (Frederick A. McRoberts of counsel), for respondents.

Order, Supreme Court, New York County (Lewis J. Lubell, J.), entered on or about July 12, 2021, which, to the extent appealed from, denied plaintiffs' motion for summary judgment as to liability on their Labor Law §§ 240(1) and 241(6) claims, unanimously modified, on the law, to grant the motion as to the Labor § 240(1) claim, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about December 9, 2021, which, to the extent appealed from, denied plaintiffs' cross motion for leave to renew and reargue their summary judgment motion as to the Labor Law § 241(6) claim, unanimously dismissed, without costs, as taken from a nonappealable order.
Plaintiffs made a prima facie showing of entitlement to summary judgment on the Labor Law § 240(1) claim by submitting testimony that there was no appropriate place to tie off on the sloped roof from which the injured plaintiff fell (see Anderson v MSG Holdings, L.P., 146 AD3d 401, 402 [1st Dept 2017], lv dismissed 29 NY3d 1100 [2017]). In opposition, defendants failed to raise a triable issue of fact as to whether plaintiff was the sole proximate cause of his injuries. Defendants' contention that a fall protection system had been installed on the roof before the date of the accident was based on unauthenticated documents and vague testimony of individuals without personal knowledge (see Blackstock v Accede Inc., 194 AD3d 476, 476-477 [1st Dept 2021]; Ging v F.J. Sciame Constr. Co., Inc., 193 AD3d 415, 417 [1st Dept 2021]). Even if the system had been fully installed, there was no evidence that plaintiff was trained in its use.
In light of the foregoing, we need not reach plaintiffs' claim pursuant to Labor Law § 241(6) (see Gonzalez v 1225 Ogden Deli Grocery Corp., 158 AD3d 582, 584 [1st Dept 2018]).
Although plaintiffs' cross motion was denominated as one for leave to renew and reargue, they sought only reargument, and no appeal lies from the denial of a motion to reargue (Aldalali v Sungold Assoc. Ltd. Partnership, 172 AD3d 555, 556 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 27, 2022