Garcia v Town of Tonawanda (2022 NY Slip Op 06584)

Garcia v Town of Tonawanda

2022 NY Slip Op 06584

Decided on November 18, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

710 CA 21-00911

[*1]OSVALDO GARCIA, PLAINTIFF-APPELLANT,
v
TOWN OF TONAWANDA AND COUNTY OF ERIE, DEFENDANTS-RESPONDENTS. 

CAMPBELL & ASSOCIATES, HAMBURG (JOHN T. RYAN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
COLUCCI & GALLAHER, P.C., BUFFALO (RYAN L. GELLMAN OF COUNSEL), FOR DEFENDANT-RESPONDENT TOWN OF TONAWANDA. 
MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (KENNETH R. KIRBY OF COUNSEL), FOR DEFENDANT-RESPONDENT COUNTY OF ERIE. 

 Appeal from an order of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered June 2, 2021. The order granted the motions of defendants Town of Tonawanda and County of Erie for summary judgment and dismissed the complaint and all cross claims. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law and in the exercise of discretion by denying the motion of defendant Town of Tonawanda and reinstating the complaint against it and by granting plaintiff's motion in part and directing that the Town of Tonawanda disclose the documents requested therein and as modified the order is affirmed without costs.
Memorandum: After plaintiff was injured when his bicycle hit a signpost that had fallen and obstructed the sidewalk on which he was riding, plaintiff commenced this personal injury action against defendant Town of Tonawanda (Town) and defendant County of Erie (County). Plaintiff moved to strike the Town's answer in the event that the Town failed to produce certain requested discovery materials within 30 days. Supreme Court denied plaintiff's motion. Subsequently, the Town moved for summary judgment dismissing the complaint against it, and the County separately moved for summary judgment seeking, inter alia, dismissal of the complaint against it. As relevant, the Town and County each contended that it had not received prior written notice of the alleged hazardous condition as required by Town of Tonawanda Code § 68-2 (A) and Local Law No. 3-2004 of the County of Erie, respectively. The court granted the motions and dismissed the complaint against the Town and the County. Plaintiff now appeals from the order granting defendants' summary judgment motions, and we modify.
We reject plaintiff's contention that the court erred in granting the County's motion insofar as it sought summary judgment dismissing the complaint against it. The County met its initial burden on the motion by establishing that it did not receive prior written notice of the allegedly defective condition as required by Local Law No. 3-2004 (see Craig v Town of Richmond, 122 AD3d 1429, 1429 [4th Dept 2014]; see generally Yarborough v City of New York, 10 NY3d 726, 728 [2008]). The burden thus shifted to plaintiff to demonstrate, as relevant here, that the County "affirmatively created the defect through an act of negligence . . . that immediately result[ed] in the existence of a dangerous condition" (Yarborough, 10 NY3d at 728 [internal quotation marks omitted]). Plaintiff failed to meet his burden. Mere "speculation that [the County] created the allegedly dangerous condition is insufficient to defeat the motion" (Hall v City of Syracuse, 275 AD2d 1022, 1023 [4th Dept 2000]).
We agree with plaintiff, however, that the court erred in granting the Town's motion for summary judgment dismissing the complaint against it, and we therefore modify the order accordingly. The Town had the initial burden on the motion of establishing that no prior written notice of the alleged condition was given to either the Town Clerk or the Town Superintendent of Highways (see Town of Tonawanda Code § 68-2 [A]). In support of its motion, the Town submitted, inter alia, the deposition testimony of an administrative aide in the Town Highway Department and the Town's sign shop fabricator, each of whom testified that he did not learn of the fallen sign until he received the police report for the incident. However, neither employee testified that he searched the Highway Department's or the Town Clerk's records. Thus, the Town failed to establish as a matter of law that neither the Town Clerk nor the Town Superintendent of Highways received prior written notice of the alleged condition (see Weinstein v County of Nassau, 180 AD3d 730, 732 [2d Dept 2020]; see generally Horst v City of Syracuse, 191 AD3d 1297, 1298-1299 [4th Dept 2021]). Because the Town failed to meet its initial burden, we need not consider the sufficiency of plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Plaintiff further contends that the court erred in denying his motion seeking to strike the Town's answer in the event that the Town failed to produce certain requested discovery materials within 30 days. Initially, we note that the appeal from the final order granting defendants' summary judgment motions brings up for review the interlocutory order that denied plaintiff's motion and thus the propriety of that order is properly before us (see CPLR 5501 [a] [1]; see generally Christiana Trust v Rice [appeal No. 3], 187 AD3d 1495, 1496 [4th Dept 2020]).
With respect to the merits, we conclude that plaintiff's motion should be granted insofar as it seeks to compel discovery of the requested documents (see generally Rivera v Rochester Gen. Health Sys., 144 AD3d 1540, 1541 [4th Dept 2016]). Plaintiff sought certain discovery from the Town consisting of a spreadsheet documenting all repairs to the Town's signs for the three years immediately before the accident, copies of all repair orders for "no standing" and "no parking" signs in the Town for the same period, and a copy of a global inventory of all signs in the Town (collectively, discovery documents).
CPLR 3101 (a) provides that "[t]here shall be full disclosure of all matters material and necessary in the prosecution or defense of an action." "The words, 'material and necessary,' are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]; see Snow v DePaul Adult Care Communities, Inc., 149 AD3d 1573, 1574 [4th Dept 2017]; Rawlins v St. Joseph's Hosp. Health Ctr., 108 AD3d 1191, 1192 [4th Dept 2013]). Documents are "material and necessary" where "they may contain information reasonably calculated to lead to relevant evidence" (Goetchius v Spavento, 84 AD3d 1712, 1713 [4th Dept 2011] [internal quotation marks omitted]). "In opposing a motion to compel discovery, a party must 'establish that the requests for information are unduly burdensome, or that they may cause unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts' " (Rawlins, 108 AD3d at 1192). "While discovery determinations rest within the sound discretion of the trial court, the Appellate Division is vested with a corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse" (Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 745 [2000]; see Daniels v Rumsey, 111 AD3d 1408, 1409 [4th Dept 2013]; Radder v CSX Transp., Inc., 68 AD3d 1743, 1745 [4th Dept 2009]). Here, we conclude that plaintiff met his burden of establishing that the discovery documents were material and necessary to the prosecution of the action (see generally CPLR 3101 [a]). In opposing the motion, the Town failed to establish that the discovery requests were unduly burdensome (see generally Kimball v Normandeau, 83 AD3d 1522, 1523 [4th Dept 2011]). Under the circumstances of this case, we therefore substitute our own discretion for that of the motion court, and we modify the order by granting plaintiff's motion in part and directing the Town to disclose the discovery materials.
We have considered plaintiff's remaining contentions and conclude that they do not require reversal or further modification of the order.
Entered: November 18, 2022
Ann Dillon Flynn
Clerk of the Court