Matter of Hirschler v Schiff (2025 NY Slip Op 50013(U))

[*1]

Matter of Hirschler v Schiff

2025 NY Slip Op 50013(U)

Decided on January 8, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 8, 2025
Supreme Court, Kings County

In the Matter of the Arbitration of Certain Controversies Between 
 Shimon Yoel Hirschler, Petitioner,

against
Zvi Schiff a/k/a HERSHEL SCHIFF, Respondent.

Index No. 509957/2024

Joseph Obermeister, Cedarhurst (Mordy Aryeh of counsel), for Petitioner.
Rosenberg & Steinmetz PC, Valley Stream (Nathan Cohen of counsel), for Respondent.

Aaron D. Maslow, J.

The following numbered papers were used on the petition and cross-motion: NYSCEF Document Numbers 1-45.
Upon the foregoing papers, having heard oral argument virtually via Microsoft Teams, and due deliberation having been had, the within matter is determined as follows.
This special proceeding was commenced by Petitioner Shimon Yoel Hirschler (also referred to in certain papers as Simon Yoel Hirschler), seeking to confirm an arbitration award in his favor. Said award was issued on March 18, 2024 by Rabbis Shalom Pollock, Zeev Nachum Goldminzer, and Yosef [*2]Yehudah Padua[FN1]
 under the auspices of the Rabbinical Court Mishpetei Tzedek of New Square. The petition also sought to direct the County Clerk to enter judgment against Respondent Zvi Schiff a/k/a Hershel Schiff in the sum of $239,700.90, to have interest awarded thereon from March 18, 2024, and to compel Respondent to return to the said rabbinical court for continued arbitration claims on other claims.
Respondent opposes the petition and cross-moves to vacate the said arbitration award and to dismiss the petition.
The record evidence reflects that the parties executed an arbitration agreement on March 16, 2015, whereby they agreed to arbitrate all complaints, claims, and counterclaims each had against the other with respect to repayment of a debt due to a business partnership and everything incidental to that (see NYSCEF Doc No. 36). The dispute arose from a business enterprise of buying and selling homes in New Jersey and elsewhere (see NYSCEF Doc No. 1 ¶ 1). On March 21, 2018, Rabbis Goldminzer, Pollock, and Padua issued an arbitration award directing Respondent to provide the rabbinical court with a report of his income and expenses every two weeks and not to close on and move into his newly purchased home without the rabbinical court's approval (see NYSCEF Doc No. 20). On December 30, 2018, the rabbis issued an arbitration award declaring that Respondent was required to pay Petitioner at least the sum of $260,100.00, but since Respondent had already paid $20,400.00, Respondent owed Petitioner $239,700.00; that Respondent was to make monthly payments of $4,400.00 by depositing the money with the rabbinical court; that there remained other claims the accounts of which had not been made clear to the rabbinical court, but that the court would determine them upon return to the said court; and that after paying a $450,000.00 mortgage and a $250,000.00 loan, whatever was left from the sale of Respondent's Staten Island home belonged to Petitioner (see id.).
Petitioner commenced an Article 75 special proceeding on March 18, 2019 to confirm the March 21, 2018 and December 30, 2018 arbitration awards (see Kings County Clerk file, Index No. 1136/2019). No adjudication appears in the official records.
The March 18, 2024 arbitration award of Rabbis Shalom Pollock, Zeev Nachum Goldminzer, and Yosef Yehudah Padua basically repeats the provisions of the December 30, 2018 award (see NYSCEF Doc Nos. 4, 20).
Petitioner argues as follows in its original papers: (1) There exists a presumption in favor of enforcing arbitration awards. (2) The March 18, 2024 arbitration award should be confirmed with interest inasmuch as Respondent has failed to remit to him the moneys owed per the several awards. (3) The March 18, 2024 arbitration award should be confirmed although there remain other claims concerning which the amounts have not been clarified. (4) There are additional claims against Respondent in excess of $1,000,000.00, and Respondent should be ordered to attend further arbitration sessions before the rabbinical court. (See NYSCEF Doc No. 5.)
Respondent counters with the following arguments: (1) Petitioner's original papers failed to include an English translation of the 2015 arbitration agreement and, therefore, proof of an effective arbitration agreement is lacking. (2) Since the March 18, 2024 arbitration award did not fully resolve all the claims the parties allegedly agreed to arbitrate, per its own terms, the award is not final and definite and, therefore, not confirmable. (3) Since the March 18, 2024 arbitration award merely repeats the terms of the December 30, 2018 award, it is not a new award. In essence, Petitioner is seeking to confirm the December 30, 2018 award, which is barred by the one-year statute of limitations. The issuance of the 2024 award constitutes an end-run around the statute of limitations. (4) The 2024 award is void due to res judicata and collateral estoppel. (5) Petitioner lacks standing because he is not aggrieved. (See NYSCEF Doc No. 17.)
In reply, Petitioner argues as follows: (1) There is no further issue regarding the arbitration [*3]agreement as an English translation was submitted in reply. (2) Respondent selectively complied with portions of the December 30, 2018 award while disputing other obligations, delaying full resolution and, hence, the 2024 award should be confirmed as it is final and definite. (3) The 2024 award is not merely a re-dated version of the December 30, 2018 award but reflects new and independent determinations. Therefore, the statute of limitations does not bar the confirmation proceeding. (4) Petitioner indeed is aggrieved by the failure of Respondent to comply with the awards and to attend scheduled arbitration sessions.
Finally, Respondent maintains as follows: (1) The unresolved claims are not peripheral and the lack of a final resolution negates any claim that the 2024 award is ripe for confirmation. (2) Petitioner's failure to include the English translation of the 2015 arbitration agreement in his original papers is fatal to his petition. (3) The substantial passage of time raises questions about the continued enforceability of the 2015 arbitration agreement.
The Court resolves the issues presented as follows:
The 2015 arbitration agreement is enforceable despite the many years having passed since it was signed by the parties. There was no termination date in it. (See Personal Communications Devices, LLC v HTC Am. Inc., 40 Misc 3d 790 [Sup Ct, Suffolk County 2013].)
That Petitioner included the English translation of the arbitration agreement in reply is not fatal to his petition (see Taveras v Cayot Realty, Inc., 125 AD3d 754 [2d Dept 2015]).
The arbitration agreement reflects that all claims between the two parties relating to their business partnership were to be arbitrated in a consolidated manner. This is evident from the inclusion of counterclaims. It is possible that a counterclaim could offset the claim of the other party. The March 18, 2024 award itself references there still existing other claims the accounts of which had not been made clear to the rabbinical court. Thus, there are unresolved components of the dispute. Therefore, this award, which merely reiterated the December 30, 2018 award was neither final nor definitive, just as the latter award also was neither final nor definitive. It is evident that the rabbinical court still has not completed its task of arriving at a final resolution of the parties' dispute over their business partnership. (See CPLR 7511 [b] [1] [iii]; Matter of Rosenberg v Schwartz, 176 AD3d 1069 [2d Dept 2019]; Matter of Andrews v County of Rockland, 120 AD3d 1227 [2d Dept 2014]; cf. Matter of Meisels v Uhr, 79 NY2d 526 [1992].) "[A] final arbitration award is generally one that resolves the entire arbitration" (American Intl. Specialty Lines Ins. Co. v Allied Capital Corp., 35 NY3d 64, 72 [2020]).
Moreover, the Court notes that the arbitration panel erred in its award in the fifth decretal paragraph. It states, "and obviously anything that Party B receives from that sale should be subtracted from the total sum, and if Party B doesn't receive the full sum of the debt, Party A shall continue making payments as above on the sum that he remains owing." Based on the preceding decretal paragraphs, the arbitrators intended that Respondent ("Party B") pay Petitioner ("Party A"). Therefore, it appears that in the quoted provision, when the Court wrote "Party B" it meant "Party A," and vice versa.
Since the rabbinical court has not issued a final determination of all matters to be arbitrated, there is no merit to Respondent's argument that they are barred by collateral estoppel and res judicata. Neither has the statute of limitations expired — the March 18, 2024 award was premature. The rabbinical court must complete its assigned task. There is one integral dispute — resolution of all matters deriving from the business relationship between the parties in buying and selling homes. A final award must be issued, even if the rabbinical court has to make the determination without the cooperation of Respondent.
Concomitantly, since the arbitrators have not arrived at a final disposition of all matters related to the dispute between the parties over their business partnership, the arbitrators must be enjoined to do so. Included within Petitioner's petition is a branch seeking relief in the nature of a direction to Respondent to return to arbitration. Such relief is clearly warranted (see CPLR 7503 [a]). A remand to the rabbinical court is called for (see CPLR 7511 [d]). This is especially warranted due to the presumption in favor of enforcing arbitration agreements. Therefore, to the extent that the petition seeks to compel Respondent to continue with the arbitration, Petitioner obviously possesses standing; he is aggrieved by the failure of [*4]Respondent to adhere to their agreement to arbitrate their business dispute.
The three rabbis conducting the subject arbitration must schedule one or more further arbitration hearings on all remaining matters within the dispute between the parties over claims emanating from their business partnership in buying and selling homes (see Matter of Board of Educ. of Amityville Union Free School Dist. v Amityville Teacher's Assn., 62 AD3d 992 [2d Dept 2009]). Notice of the scheduled hearings shall be sent to both parties. If a party fails to attend, the rabbinical arbitrators shall take such evidence as they deem appropriate from the other party. So that this dispute can be finally resolved, the panel shall schedule the first additional hearing in accordance with this decision, order, and judgment to be held no later than February 19, 2025. Said arbitrators shall expeditiously issue a final and conclusive arbitration award on all matters subject to the arbitration agreement. In doing so, the arbitrators may consider the evidence already adduced before them.
Accordingly, IT IS HEREBY ORDERED AND ADJUDGED as follows:
(1) Petitioner Shimon Yoel Hirschler's petition (Motion Seq. 1) is GRANTED TO THE EXTENT of directing Respondent Zvi Schiff a/k/a Hershel Schiff to attend one or more further arbitration hearings to be conducted by Rabbis Shalom Pollock, Zeev Nachum Goldminzer, and Yosef Yehudah Padua under the auspices of the Rabbinical Court Mishpetei Tzedek of New Square, as scheduled by them, and is OTHERWISE DENIED.
(2) Respondent Zvi Schiff a/k/a Hershel Schiff's cross-motion (Motion Seq. 2) is GRANTED TO THE EXTENT of vacating the March 18, 2024 arbitration award of Rabbis Shalom Pollock, Zeev Nachum Goldminzer, and Yosef Yehudah Padua, and is OTHERWISE DENIED.
(3) Rabbis Shalom Pollock, Zeev Nachum Goldminzer, and Yosef Yehudah Padua, serving as a panel of arbitrators under the auspices of the Rabbinical Court Mishpetei Tzedek of New Square, shall schedule one or more further arbitration hearings on all remaining matters within the dispute between Shimon Yoel Hirschler and Zvi Schiff a/k/a Hershel Schiff over claims emanating from their business partnership in buying and selling homes. Notice of the scheduled hearings shall be sent to both parties. If a party fails to attend, said arbitration panel shall take such evidence as they deem appropriate from the other party. The arbitration panel shall schedule the first hearing in accordance with this decision, order, and judgment to be held no later than February 19, 2025. Said arbitration panel shall expeditiously issue a final and conclusive arbitration award on all matters subject to the arbitration agreement. In doing so, the arbitrators may consider the evidence already adduced before them.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the
State of New York

Footnotes

Footnote 1: The names of Rabbis Goldminzer, Pollock, and Padua also appear in the papers as Goldmintzer, Pollak, and Padwa respectively.