Schmid v Town of Ausable (2025 NY Slip Op 04210)

Schmid v Town of Ausable

2025 NY Slip Op 04210

Decided on July 17, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 17, 2025

CV-24-0564
[*1]Roberta Schmid, Appellant,
v
Town of Ausable et al., Respondents, et al., Defendants.

Calendar Date:June 5, 2025

Before:Clark, J.P., Pritzker, Lynch, Ceresia and Fisher, JJ.

Horn Wright, LLP, Garden City (Ron F. Wright of counsel), for appellant.
FitzGerald Morris Baker Firth, PC, Glens Falls (John D. Aspland Jr. of counsel), for Town of Ausable, respondent.
Ahmuty, Demers & McManus, Clifton Park, (Frank J. Wenick of counsel), for Amanda Beaudette and another, respondents.

Ceresia, J.
Appeal from an order of the Supreme Court (Paul Davenport, J.), entered February 21, 2024 in Clinton County, which granted motions by defendants Town of Ausable, Amanda Beaudette and Stephen Beaudette for summary judgment dismissing the complaint against them.
On December 4, 2020, plaintiff drove to visit a relative who lived in an apartment building in the Town of Ausable, Clinton County. After parking on the street in front of the building and exiting her vehicle, plaintiff tripped over a curb and then caught her foot on a jagged edge of the pavement, causing her to fall and sustain injuries. Plaintiff later commenced the present negligence action against defendant Town of Ausable as well as defendants Amanda and Stephen Beaudette, the owners of the apartment building.[FN1] Following joinder of issue, the Town and the Beaudettes separately moved for summary judgment. Supreme Court granted both motions, prompting this appeal by plaintiff. We affirm.
Turning first to the Town, where, as here, "a municipality enacts a prior written notice statute, unless such notice is duly furnished, a plaintiff may not bring a civil action against the municipality for damages as the result of an injury sustained by reason of a defective [street]" (Calabrese v City of Albany, 221 AD3d 1152, 1152 [3d Dept 2023] [internal quotation marks, brackets, ellipsis and citations omitted], affd 43 NY3d 167 [2024]; see Poirier v City of Schenectady, 85 NY2d 310, 313-314 [1995]; Harvish v City of Saratoga Springs, 172 AD3d 1503, 1503 [3d Dept 2019]). In order to establish entitlement to judgment as a matter of law, it is the municipality's initial burden to demonstrate that it did not receive the requisite written notice (see Pellett v Town of Milton, 228 AD3d 1157, 1158 [3d Dept 2024]; Serba v Town of Glenville, 223 AD3d 1007, 1009 [3d Dept 2024]). The burden then shifts to the plaintiff to establish a triable issue of fact concerning either the municipality's receipt of notice or the applicability of an exception to the notice requirement (see Gurbanova v City of Ithaca, 234 AD3d 1147, 1148 [3d Dept 2025]; Clute v Town of Lisle, 225 AD3d 1042, 1043 [3d Dept 2024]).
In support of its motion, the Town submitted a sworn affidavit of its clerk, who averred that she had diligently searched the Town's records and uncovered no prior written notice concerning any defect at the location in question. Plaintiff responded that this affidavit was insufficient because the location where she fell was within the boundaries of the former Village of Keeseville, which had been dissolved five years prior, and no mention was made of the clerk having searched the records of the former Village. The Town, in reply, submitted a supplemental affidavit from the clerk, clarifying that her duties included maintaining the records of the former Village and that her search had included those records.[FN2] On this record, Supreme Court correctly determined that the Town had not received the required prior written [*2]notice (see Barrett v City of New York, 166 AD3d 935, 936 [2d Dept 2018]; cf. Murphy v City of Corning, 302 AD2d 1006, 1006 [4th Dept 2003]).
As to the applicability of an exception to the notice requirement, plaintiff argued in support of the affirmative negligence exception, which comes into play when the municipality performs work that immediately results in a dangerous condition (see Oboler v City of New York, 8 NY3d 888, 889-890 [2007]). However, plaintiff failed even to allege that any particular work had ever been done by a municipal employee in the area in question, let alone provide proof that such work had immediately led to a dangerous condition (see Vnuk v City of Albany, 191 AD3d 1056, 1059 [3d Dept 2021], lv denied 37 NY3d 909 [2021]; Harvish v City of Saratoga Springs, 172 AD3d at 1504). Rather, plaintiff merely claimed that the Town had failed to prove that employees of the former Village did not perform any such work. This was insufficient to meet plaintiff's burden of coming forward with competent evidence raising a genuine issue of material fact (see Scott v Schwartz, 236 AD3d 1273, 1276 [3d Dept 2025]). Thus, plaintiff failed to demonstrate the applicability of this exception, and the Town's motion was properly granted.[FN3]
Turning next to the Beaudettes, as relevant here, "[a] defendant may not be liable for a dangerous condition on property if it did not own, occupy, control or have a special use of the property" (Williams v Hudson NY LLC, 199 AD3d 1083, 1083 [3d Dept 2021], lv denied 38 NY3d 906 [2022]; accord Streit v Katrine Apts. Assoc., Inc., 212 AD3d 957, 958 [3d Dept 2023]). The Beaudettes submitted a sworn affidavit from a surveyor who stated, after reviewing public records and conducting a survey, that the curb/pavement where plaintiff tripped is outside the boundaries of their property. In addition, deposition testimony confirmed that the Beaudettes do not use this curb area for parking and do not permit their tenants to do so. These submissions were sufficient to meet the Beaudettes' initial burden of establishing entitlement to judgment as a matter of law (see Semzock v State of New York, 97 AD3d 1012, 1013 [3d Dept 2012]; Rodgers v City of New York, 34 AD3d 555, 556 [2d Dept 2006]).
In opposition, plaintiff attempted to raise a factual issue concerning ownership or control by pointing to the deposition testimony of the Town's highway superintendent that the curb "should be" or "probably" is owned by the Beaudettes rather than the Town, as well as evidence that, at least six months after plaintiff's fall, the Beaudettes paid to repair the curb.[FN4] However, neither such guesswork from the superintendent concerning ownership of the curb nor proof of subsequent work were sufficient to create a question of fact as to ownership, occupancy, control or special use (see Sunnyview Farm, LLC v Levy Leverage, LLC, 223 AD3d 955, 959-960 [3d Dept 2024]; Mitchell v Icolari, 108 AD3d 600, 602 [2d Dept 2013]). As a result, Supreme [*3]Court appropriately awarded the Beaudettes summary judgment.
Clark, J.P., Pritzker, Lynch and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Plaintiff also named the Village of Keeseville and the County of Clinton as defendants. However, the Village never appeared, inasmuch as it was dissolved in 2015, and plaintiff discontinued the action as against the County.

Footnote 2: To the extent that plaintiff now claims otherwise, the reply affidavit was properly considered by Supreme Court, as it countered a point raised in plaintiff's opposition to the motion (see Taveras v Cayot Realty, Inc., 125 AD3d 754, 755 [2d Dept 2015]; Plattekill Mtn. Ski Chalet, LLC v Ski Plattekill, Inc., 100 AD3d 1094, 1095 [3d Dept 2012]) and was not submitted to correct a fundamental deficiency in the moving papers (cf. Blackstock v Accede Inc., 194 AD3d 476, 477 [1st Dept 2021]; Ford v Weishaus, 86 AD3d 421, 422 [1st Dept 2011]).

Footnote 3: Plaintiff's argument on appeal that information concerning any previous repair work would be within the exclusive knowledge of the Town, thereby warranting denial of its motion, is unpreserved for our review as plaintiff did not oppose the motion on this ground (see Scott v Schwartz, 236 AD3d at 1277).

Footnote 4: The record reveals that the Beaudettes sought to raise a section of the curb in order to prevent flooding that was occurring on their property. After speaking with the Town about this, the Town advised the Beaudettes that they could arrange to have this work performed.