Goodson v City of Utica (2025 NY Slip Op 04369)

Goodson v City of Utica

2025 NY Slip Op 04369

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, OGDEN, GREENWOOD, AND KEANE, JJ.

512 CA 24-00692

[*1]JACQUELYN GOODSON AND DANIEL REHM, PLAINTIFFS-RESPONDENTS,
v
CITY OF UTICA, DEFENDANT-APPELLANT, ET AL., DEFENDANT. 

WILLIAM M. BORRILL, CORPORATION COUNSEL, UTICA (ZACHARY C. OREN OF COUNSEL), FOR DEFENDANT-APPELLANT.
ROBERT F. JULIAN, P.C., UTICA (STEPHANIE A. PALMER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Oneida County (Julie G. Denton, J.), entered April 1, 2024 in a personal injury action. The order, insofar as appealed from, denied the motion of defendant City of Utica for summary judgment dismissing the complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Jacquelyn Goodson (plaintiff) when she allegedly tripped and fell on a sidewalk in defendant City of Utica (City). The City moved for summary judgment dismissing the complaint against it, and Supreme Court denied the motion. We affirm.
"Where, as here, a municipality has enacted a prior written notice statute, it may not be subject to liability for personal injuries caused by a defective [sidewalk] . . . condition unless it has received prior written notice of the defect, or an exception to the written notice requirement applies" (Szuba v City of Buffalo, 193 AD3d 1386, 1387 [4th Dept 2021] [internal quotation marks omitted]; see Piotrowski v Town of Cheektowaga, 232 AD3d 1280, 1282-1283 [4th Dept 2024]). The City had the initial burden on its motion of establishing that no prior written notice of the defect was given to the Commissioner of Public Works (Commissioner) (see Utica City Code
§ C-1.016 [a]; see also Piotrowski, 232 AD3d at 1283; Garcia v Town of Tonawanda, 210 AD3d 1483, 1484 [4th Dept 2022]), and we conclude that the City failed to meet that burden.
The City submitted an affidavit of a receptionist in the office of the Commissioner, who averred that she searched the files in the Department of Public Works (DPW) and determined that the DPW did not receive any prior notice of the condition of the sidewalk. The City also submitted the deposition of the Commissioner, who testified that, if any written notice was sent to him, it would "sit[ ] on [his] desk"; the DPW did not generate any computer records and had no other filing system for such documents. If the DPW caseload permitted it, a staff member would look into the issue identified in a complaint. If a member of the staff looked into an issue, the DPW may not thereafter retain the written complaint that prompted the investigation. The document may instead be sent to another department.
With regard to plaintiff's fall, the Commissioner testified that he checked his desk after receiving the notice of claim and did not find any written notice regarding the condition of the sidewalk at issue. However, his testimony raised an issue of fact whether the written notice had been given to him but had not been saved with the DPW records of complaints "on [his] desk." The City thus failed to meet its initial burden of establishing that the Commissioner did not [*2]receive prior written notice of the alleged defect (see Garcia, 210 AD3d at 1484; see also Murphy v City of Corning, 302 AD2d 1006, 1007 [4th Dept 2003]).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court